## AMERICAN EMPLOYERS' INS. CO. v. SINGLETON. (No. 1319—5418.)

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

C. A. Teagle and Hunt, Moseley & Hunt, all of Houston, for plaintiff in error.

Dixie Smith and H. G. Butts, both of Houston, for defendant in error.

CRITZ, J. This is a suit growing out of the Workmen's Compensation Act (Rev. St. 1925, §§ 8306–8309). The Court of Civil Appeals has made a comprehensive statement of the case, and we therefore copy the following portion of the opinion of that court:

"It is shown that on the 20th day of April, 1927, one G. A. Singleton, deceased, was an employee of the Houston Park Corporation, 'a subscriber,' as that term is used in our compensation statutes, which held a compensation insurance policy covering the employees of said Park Corporation issued by the American Employers' Insurance Company; that on said date G. A. Singleton, while in the course of said employment, received an injury which resulted in his death; that Singleton was unmarried, and surviving him as his sole heir and beneficiary was his mother, Mrs. Maggie Singleton; that Mrs. Singleton in due time and manner presented her claim for compensation on account of the death of her son to the State Industrial Accident Board; that said board made an award in favor of the claimant, from which award both the claimant and the insurance company in due time and manner gave notice of their dissatisfaction, and in due time Mrs. Singleton filed this suit in the district court of Harris county against the American Employers' Insurance Company, praying that the award made by the State Industrial Accident Board be set aside and held for naught, and that she be permitted to recover from the insurance company 60 per cent. of the average weekly wage of her deceased son, which she alleged to be $35, for a period of 360 weeks, payable in a lump sum. She also alleged that she had employed J. Dixie Smith, an attorney at law, to represent her in the suit, and had agreed to pay him one-third of any sum recovered by her in the same.

"Defendant insurance company answered by general denial, and by special plea alleged that the award of the Industrial Accident Board was contrary to the law and the evidence, and prayed that the same be in all things annulled, and that it go hence without day, etc.

"The cause was submitted to a jury upon special issues, in answer to which they found that G. A. Singleton did, on the 20th day of April, 1927, receive a personal injury in the course of his employment, which was the proximate cause of his death; that the average weekly wage of G. A. Singleton, just prior to his death, was $35; that manifest hardship and injustice would result to Maggie Singleton if compensation to which she is entitled is not paid her in a lump sum.

"Upon the evidence and verdict of the jury the court rendered judgment in favor of Mrs. Singleton against the American Employers' Insurance Company for the sum of $5,360.25, to be paid in a lump sum; that one-third of such sum should be paid to J. Dixie Smith. From such judgment the insurance company has appealed."

Also the trial court submitted the following question to the jury:

"What sum of money do you designate as the average weekly wage of G. A. Singleton, which you deem just and fair to both parties, plaintiff and defendant?" The jury answered: "$35.00."

Upon the verdict of the jury the court rendered a judgment in favor of Mrs. Singleton and against the insurance company for $5,360.25, to be paid in a lump sum. The insurance company appealed to the Court of Civil Appeals for the First District at Galveston, which court affirmed the judgment of the trial court, Chief Justice Pleasants dissenting, and Justice Graves agreeing to the affirmance, but not agreeing to all of the reasons given therefor in the main opinion, which is written by Justice Lane. 14 S.W. (2d) 939. The case is now before the Supreme Court on writ of error granted on application of the insurance company.

By its first assignment of error the insurance company contends, in effect, that the judgments of the two lower courts should be reversed, and the cause remanded, because there is no legal evidence to establish an annual or average weekly wage of the deceased. We sustain this assignment.

The record shows, and the Court of Civil Appeals finds, in regard to the above issue, as follows: "The undisputed evidence does show, as contended by appellant, that G. A. Singleton worked only for about 18 or 20 days for the Park Corporation; and it is not shown by any evidence that he had, prior thereto, earned in any manner a daily or weekly wage, nor was it shown that the average daily wage or salary which an employe of the same class working substantially the whole of such immediate preceding year in the same or similar employment in the same or a neighboring place, shall have earned during the days he was employed."

It is provided by subsections 1, 2, and 3 of section 1 of article 8309, R. C. S. of Texas 1925, the Workmen's Compensation Act:

" 'Average weekly wages,' shall mean:

"1. If the injured employe shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employe shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employe, or other employe engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

We think that under the statute there is no evidence in the record which will sustain the answer of the jury as to the weekly wage of the deceased, and therefore no evidence to sustain a judgment of any character against the insurance company. Under the express provisions of section 5 of article 8307, R. C. S. of Texas 1925, the burden of proof is on Mrs. Singleton, as a party claiming compensation, to offer legal evidence establishing an average weekly wage for the deceased under one of the three subsections of the statute above quoted. Furthermore, under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to.

Under subsection 1 of the statute above quoted it is provided, in effect, that, if the injured employee shall have worked in the

employment in which he was working at the time of the injury, etc., substantially the whole of the year, etc., his average annual wages shall be 300 times the average daily salary which he shall have earned, etc. The deceased in the instant case had only worked 18 or 20 days in the employment at which he was working at the time of the injury, and therefore his average annual wage cannot be computed under subsection 1. We must then consider whether such wage can be computed under subsection 2.

Under subsection 2 of the act it is provided that, if the injured employee shall not have worked in the same employment, etc., during substantially the whole of the year preceding the injury, his annual average wages shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of the preceding year, in the same or similar employment, in the same or a neighboring place, shall have earned, etc.

Under the record before us it is affirmatively shown that deceased worked 18 or 20 days at the employment at which he was working when he was injured at a salary of $35 per week. Nothing further is shown that would throw any light whatever as to any employment or earnings of deceased prior to the injury, except that prior to the instant employment he worked on the farm for his mother, and was a strong robust man at that time. There is no showing whatever what the value of his services to his mother were, or what she would have to pay to get others to do the work he did, as was shown in the case of Lumbermen's, etc., v. Warner (Tex. Com. App.) 245 S. W. 664, cited by the Court of Civil Appeals in support of its holding that there is evidence in the record supporting this award. Further, there is no showing in the record as to what others in the same or a neighboring place were earning at similar employment. Under such a record there is absolutely no evidence which would justify an award under either subsections 2 or 3 of the act.

■ By proper assignments the insurance company complains of the rulings of the Court of Civil Appeals with reference to the refusal of the trial court to submit certain defensive issues regarding whether deceased died from causes other than the injuries alleged by Mrs. Singleton. In view of the fact that this case must be reversed and remanded on the matter already discussed, we do not consider it necessary for us to pass directly and concretely on the question as to whether all such issues so requested, and set out in the opinion of the Court of Civil Appeals, are raised by the evidence, but we do hold that, if the evidence on another trial raises a concrete issue as to wheth-

er deceased died from a cause or causes other than the injuries complained of, the insurance company has the right to have such issue or issues directly and concretely submitted to the jury by appropriate questions. Galveston H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Rosenthal, etc., v. Hillebrandt (Tex. Com. App.) 7 S.W. (2d) 521; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108. The holding in the Russell Case is referred to and approved by the Commission in the Rosenthal Case, supra.

We recommend that the judgment of the Court of Civil Appeals and the district court be both reversed, and the cause remanded to the district court for a new trial.

PER CURIAM. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.