**TEXAS EMPLOYERS INS. ASS'N v. EBERS et al.**

No. 5054.

Court of Civil Appeals of Texas. Amarillo.

Sept. 18, 1939.

Rehearing Denied Oct. 23, 1939.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

O'Dowd & O'Dowd, of Waco, for appellees.

FOLLEY, Justice.

This is a workmen's compensation suit in which the appellee, Harry J. Ebers, is the claimant, the Phillips Petroleum Company, the employer, and the appellant, Texas Employers Insurance Association, the insurance carrier. In a trial before a jury the appellee recovered a judgment in the sum of $1,478.29, such sum representing compensation for a total disability at the rate of $9.75 per week for 151 weeks from September 9, 1937, the date of the alleged injury. In such judgment appellee's attorneys were protected for their attorneys fees. The $9.75 was 60% of the $16.32 found by the jury to be a just and fair weekly wage for the appellee.

At the time of the alleged injury, and for more than a year prior thereto, the appellee worked at the Alamo refinery of the Phillips Petroleum Company in Hutchinson County, Texas. He alleged that while working on one of the stills of the refinery attempting to loosen a nut with a long handle wrench, he fell to the concrete floor which fall occasioned his injuries, consisting mainly of a fractured spine. The testimony shows without controversy that the appellee received as wages 68¢ per hour for each eight-hour day, but that he was allowed to work only five days per week, or 260 days per year.

The record shows that the appellee's wage rate was established, and compensation awarded, under first subdivision 3, section 1, of art. 8309, R.C.S. 1925. The appellant contends that the appellee was not entitled to base his wage scale on first subdivision 3 because the evidence did not eliminate first subdivision 2 of section 1 of the article. We think it is settled under the authorities of this State that under the provisions of this statute the burden is upon the claimant to show it is impracticable to fix his wage rate under first subdivision 1 or 2 before first subdivision 3 can be resorted to. American Employers' Ins. Co. v. Singleton, Tex. Com.App., 24 S.W.2d 26. It is not con-

tended by the appellant that the appellee failed to eliminate first subdivision 1, section 1 of the article. The testimony is conclusive, we think, that the appellee worked only 260 days of the year immediately preceding his alleged injuries. This fact was shown by witnesses for both parties and is not controverted by any testimony. Under such circumstances we think it is conclusive as a matter of law that the appellee did not work substantially as much as 300 days during the twelve month period immediately preceding his alleged injury. Traders' & General Ins. Co. v. Bulis, 129 Tex. 362, 104 S.W.2d 488. But a different situation arises in regard to the first subdivision 2, section 1 of the article. The evidence shows not only that the appellee did not work substantially the whole of the year immediately preceding the purported injury but that no employee of the Phillips Petroleum Company worked more than 260 days during such period. All of the employees of the company were limited to five eight-hour days each week. At this point, however, the evidence terminates on this issue. The record is absolutely silent as to whether or not there were other employees of the same class working substantially the whole of such immediately preceding year in a similar employment in the same place or in a neighboring place. It is our opinion that the language of first subdivision 2 of section 1 of the article does not restrict the employment to the employer for whom the claimant worked. On the contrary we think its language necessarily embraces employees of the same class working for other employers in the same place or in a neighboring place, and if any such employees worked substantially the whole of such year their wages would control the weekly wage of the appellee. On this issue as to other employees working for other employers in the same place or in a neighboring place the testimony is silent. In other words the testimony does not show that the Phillips Petroleum Company was the only employer in the vicinity engaged in the refinery business. It does not show that there were no such refineries in some neighboring place, nor does it show that there were no employees of the same class in the employment of some other employer in the same or a neighboring place who had or had not worked substantially the whole of such year. In such a state of the record the appellee did not discharge the burden placed upon him to show by competent

evidence that it was impracticable to compute his weekly wage under first subdivision 2 and, therefore, his resort to first subdivision 3 under such circumstances was unwarranted. Since the recovery was based upon a weekly wage in excess of the minimum allowed by law we think the court committed reversible error in submitting the weekly wage rate under first subdivision 3 and awarding compensation upon the jury's finding thereon.

The appellant assigns as error the court's action in overruling its objections to special issue No. 2 to the effect that the issue directs the jury's consideration of the appellee's first amended petition wherein there were allegations as to the injuries received by the appellee which have no support in the testimony. Special issue No. 2, was as follows: "Do you find from a preponderance of the evidence that such injury inquired about in Question No. 1, if any you have found he did sustain, was sustained by Harry J. Ebers in the manner and way as is alleged in plaintiff's first amended original petition? Answer 'yes' or 'no'."

It is our opinion that this is one instance where such reference to the pleadings as is evidenced by the above issue constitutes reversible error. Without entering a detailed discussion of the matter we think it sufficient to state that from a careful analysis of the allegations of the appellee and comparing such allegations with the testimony, it is evident that several important phases of the allegations as to the "manner and way" the appellee sustained his purported injuries were without support in the testimony. Under such conditions it is error to refer to the pleadings and is never good practice under any circumstances. Texas Employers' Ins. Ass'n v. Burnett, Tex.Civ.App., 72 S.W.2d 952; Traders & General Ins. Co. v. Weatherford, Tex.Civ.App., 124 S.W.2d 423.

The appellant also complains of the court's action in overruling its objections to special issue No. 16. Said issue and the court's directions as to how it should be answered are as follows: "What per cent of disability, if any suffered by Harry J. Ebers, do you find from a preponderance of the evidence would have resulted from the injury of September 9, 1937, had there been no prior injury of February, 1937? Answer by giving per cent, using 100% as basis."

To this issue the jury answered "100%". This issue was not conditioned upon the answer to any prior issue. The appellant objected to the issue on the ground that it was on the weight of the testimony; that it assumed and suggested to the jury that the appellee had sustained an injury on September 9, 1937, upon which he predicated his suit; and that the instructions of the court as to the manner the jury should answer the issue assumed and suggested to the jury that some percentage of disability had resulted from the September injury. Under the facts of this case we think the objections of the appellant were well taken. It was uncontroverted that the appellee had received an injury in February, 1937, for which he had received compensation. This February injury was not the subject of this litigation except in so far as it might defeat the claim of the appellee for injuries alleged to have been received by him in September, 1937. Whether or not the appellee sustained an injury on September 9, 1937, as claimed by him, was a closely contested issue upon the trial of this case. It was contested both as to whether or not the transaction occurred as described by the appellee in which he claimed to have fallen on the concrete floor, and as to whether or not from this purported fall, or otherwise, the appellee sustained the purported fractured condition of his spine as claimed by him. We therefore sustain this assignment. Texas Employers' Ins. Ass'n v. Van Pelt, Tex.Civ.App., 83 S.W.2d 392; Cannady et al. v. Martin et al., Tex.Civ.App., 69 S.W.2d 434; Texas Power & Light Co. v. Culwell et al., Tex. Com.App., 34 S.W.2d 820; Gordon et ux. v. McIntosh et ux., Tex.Civ.App., 54 S.W. 2d 177; City of Amarillo v. Rust, Tex. Civ.App., 45 S.W.2d 285; Chicago, R. I. & G. R. Co. v. Hammond, Tex.Civ.App., 286 S.W. 483.

In view of another trial of this case we wish to discuss briefly some of the other assignments of the appellant. One assignment is with reference to the admission of the deposition testimony of Dr. J. R. Maxfield. This witness gave testimony to the effect that he examined the appellee on June 7th and 8th, 1938; that the appellee complained of severe pain and soreness in the lumbar portion of the spine; that the appellee was suffering from pain; and that he was unable to relax, rest or sleep at night without medicine. The appellant objected to this testimony on the ground that it was based in part upon hear-say and self-serving declarations. It has been held that such testimony is not admissible if the physician made his examination of the patient for the purpose only of testifying as a witness for him. Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972; Gaines v. Stewart, Tex.Civ.App., 57 S.W.2d 207, and authorities there cited. A different rule applies, however, if the physician seeks and obtains such information from the patient for the purpose of treatment and when the answers were given by the patient while the physician was examining him for such treatment. St. Louis Southwestern Ry. Co. of Texas v. Burke et al., 36 Tex.Civ.App. 222, 81 S.W. 774, writ refused; Missouri, K. & T. Ry. Co. v. Rose 19 Tex.Civ.App. 470, 49 S.W. 133, writ denied. In the instant case Dr. Maxfield testified that he made his examination of the appellee for the purpose of treating him and that he recommended treatment for him. Furthermore, the physician testified that his opinion as to the physical condition of the appellee was not based upon subjective symptoms but solely upon objective symptoms obtained by him in the course of his examination. Under these circumstances it is our opinion that the court's action in overruling appellant's objection to this testimony was not reversible error.

The appellant presents as error the court's refusal to submit its specially requested issue No. 5, as follows: "Do you from the preponderance of the evidence find plaintiff's total incapacity, if any, not to have terminated?"

The court in his main charge submitted special issue No. 9, which is as follows: "How long do you find, from a preponderance of the evidence that the total incapacity, if any, of plaintiff, Harry J. Ebers continued or will continue from the date of said injury, if any, was sustained on or about the 9th day of September, 1937? Answer by giving the length of time, if any."

To this issue the jury answered "151 weeks". By such answer the jury found that the total incapacity of the appellee had not terminated at the date of the trial in 1938, but extended beyond such date into the year 1940. While we recognize the rule that the defendant is entitled to an affirmative submission of all of its defensive issues raised by the pleadings and evidence, it is our opinion that the sub-

stance of the requested issue in controversy was not an affirmative defense but a mere negation of the appellee's cause of action as to the duration of his total incapacity. We think the complaint of the appellant in regard to the court's refusal to submit special issue No. 5 is expressly overruled by the holding of this court in Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, 388, writ refused, in the following language: "In a case that permits the defendant to prove an affirmative defense under a general denial and the testimony raises such affirmative defense, the defendant is entitled to an affirmative submission of the defense so raised, but, if the evidence offered tends only to negative the cause of action presented, the issue or issues on which such action depends should be submitted affirmatively as plaintiff has the burden of proof, but the negation of such issue should not be affirmatively submitted. Texas Employers' Ins. Ass'n v. White, (Tex.Civ.App.) 32 S.W.2d 955."

We therefore overrule this assignment. Gulf States Security Life Ins. Co. v. Edwards, Tex.Civ.App., 109 S.W.2d 1125, writ dismissed; Hoover v. Hamilton, Tex. Civ.App., 14 S.W.2d 935, writ refused; Jefferson Standard Life Ins. Co. v. Curfman, Tex.Civ.App., 127 S.W.2d 567, writ dismissed, and authorities therein cited.

 Complaint was also made of the pleading and testimony of the appellee as to his loss of sexual power. Both the pleadings and the testimony on this issue attributed such loss to the injury to appellee's back, spine and other organs of his body. Under such circumstances, notwithstanding such loss is not a compensable injury under the Texas Compensation Law, it is our opinion that it was competent for the appellee to plead and prove such fact for whatever it was worth to the jury in determining the extent of the injuries to appellee's back, spine and internal organs.

The appellant requested two issues duplicating the same thought inquiring of the jury whether the appellee's incapacity, if any, was not the result of something other than an accidental injury, if any, sustained by the appellee on September 9, 1937. The trial court refused to submit either of such issues. It is our opinion that such action of the court was not error by reason of the fact that the court submitted substantially the same defensive matter in his main charge in special

issue No. 18, to-wit: "Do you find from a preponderance of the evidence that the incapacity of plaintiff, if any, is not due solely to some bodily condition having inception antedating September 9, 1937? Answer 'it is' or 'it is not'."

It will be noted in this special issue that the bodily condition inquired about is one having its inception antedating September 9, 1937, the date of the injury herein sued upon. Since the testimony in the present record does not intimate any injury or bodily condition having its inception after September 9, 1937, we think issue No. 18 adequately presented this defense of the appellant, however, upon another trial such might not be the case. If the testimony raised the issue as to some bodily condition having its inception after September 9, 1937, as well as prior thereto, appellant's requested special issue No. 7 would more adequately present its defense. Such requested issue was as follows:

"Do you from the preponderance of the evidence find plaintiff's present condition, if any not the result of something other than an accidental injury, if any, sustained on September 9, 1937?

"Answer Yes or No."

In view of the disposition of this appeal we deem it unnecessary to discuss appellant's other assignments which likely will not arise upon another trial.

The judgment is reversed and the cause remanded.