### TEXAS EMPLOYERS' INS. ASS'N v. LIGHTFOOT.

#### No. 11072.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1941.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

W. L. Oliphant, of Dallas, for appellee.

SMITH, Chief Justice.

Mack C. Lightfoot recovered judgment under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., as for permanent total incapacity alleged

to have resulted from injury sustained by him in the course of his employment as a pipe line worker. Texas Employers' Insurance Association, the insurance carrier, has appealed.

■ The briefs for both parties were filed in this Court after the effective date of the new rules for court procedure in this State, but neither party observed those rules. Without holding outright that the parties were required to comply with the new rules in this case, we take this early opportunity to say that the mere fact that a case was tried, or judgment rendered, or appeal perfected prior to September 1, 1941, does not warrant the parties in briefing such case under the old rules. On the contrary, strictly speaking, they should resort to the new rules in preparing briefs to be filed after September 1st.

■ In Workmen's Compensation cases the injured employe's compensation must be computed by one of three alternative formulas: 1st. Upon the basis of the average weekly wage the employee shall have earned in like employment in the same vicinity during the preceding year, if he shall have worked in such employment substantially throughout that period. 2nd. If not so employed that length of time, his compensation shall be determined by the average weekly wage of other employees, if any, so employed in that vicinity during such period. 3rd. If neither he nor others have been so employed in that vicinity for such period, then his compensation shall be computed "in any manner which may seem just and fair to both parties." The employe cannot resort to the third formula unless he first shows that the conditions authorized in the first and second alternatives do not exist. In this case it is conceded that appellee did not work for substantially the whole of the year next preceding his alleged injury, whereby he was relegated to the second formula. He thereby assumed the burden of showing that neither he nor any other employe of the same class had been employed in similar work in that vicinity for approximately 300 days next preceding his alleged injury. American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W. 2d 26. The jury found in favor of appellee on that issue. This Court is unanimous in the conclusion that the evidence was insufficient to support this finding, or authorize the submission of that issue. Texas Employers Ins. Ass'n v. Ebers, Tex. Civ.App., 134 S.W.2d 797. The issue was vital, and the unsupported finding thereon requires reversal, in which all concur.

The writer, however, is of the opinion that the judgment must be reversed for an additional vital reason. Under the jury's erroneous finding that no other employe in appellee's class had worked in similar employment in that vicinity for approximately 300 days next preceding appellee's injury, appellee was relegated to the third alternative, which authorized the jury to compute "the average weekly wages * * * in any manner which may seem just and fair to both parties." Under this formula the jury found, in answer to special issue No. 10, that $31.60 was a fair and just weekly wage for appellee. The judgment conformed to this finding.

In its motion for new trial appellant alleged jury misconduct and a hearing was had thereon. The transaction is briefly, but well, disclosed in the following recital in the trial judge's order overruling the motion: " * * * the foreman, L. E. Eguia, informed the jury, while the jury was discussing how to answer Special Issue No. 10, that the Wages and Hours Act gave a man forty hours per week, and that such standard was the rule, and the jury accordingly used forty hours, multiplied by seventy-nine cents per hour, in arriving at its finding of $31.60 average weekly wage, but the Court finds, as a matter of law, that such act was not misconduct."

In its first proposition appellant has briefed this question of jury misconduct, which must be decided here.

■ We have concluded that reversible error is shown. In the first place, the record shows that the Wage and Hour Act, (Fair Labor Standards Act, 1938) 29 U.S.C.A. § 201 et seq., does not apply to the class of work in which appellee was employed. Even if the Act had applied, it simply fixes forty hours a week as a maximum and could not possibly create a presumption or support a finding that a particular employe, such as appellee, whether covered by the Act or not, worked or would have worked forty hours a week in a given situation, such as in this case. Moreover, there is no evidence in this record to support an inference that appellee or any one in his class

could or would have secured or engaged in work employing him for as much as forty hours a week. On the contrary, the record negatived that fact, and indicated, rather, that none in that class worked more than thirty-six hours a week in that vicinity. But the jury, apparently in sole response to the foreman's improper and ill-advised pronouncement, adopted a forty hour week as the basis of their award to appellee. It is obvious that the foreman's statement, coupled with the jury's use of it, amounted to misconduct, as a matter of law, and it is equally obvious that the misconduct was harmful and prejudicial to appellant, whose liability was measured and assessed by the false yardstick laid down by the jury in direct consequence of the misconduct.

The harmful effect of the misconduct may be emphasized by a simple calculation: The jury found a fair and just hourly wage was seventy-nine cents, which, multiplied by forty hours, made a weekly wage of $31.60, as found by the jury. The highest estimate in the evidence of the number of hours worked per week by employees in appellee's class was thirty-six. Adopting the hourly wage rate found by the jury, seventy-nine cents, and multiplying it by thirty-six hours, the maximum estimate of hours worked by such employees, the result would show a weekly wage of only $28.44, or a difference of $3.16 per week. That difference added several hundred dollars to the amount appellee recovered.

The judgment is reversed and the cause remanded.

NORVELL, Justice (concurring).

I concur in the order of reversal for the reason that in my opinion the jury's answer to Special Issue No. 9 is without support in the testimony. By its answer to this issue the jury found that "there was no other employee of the same class as Mack C. Lightfoot who worked substantially the whole of the year immediately preceding January 2nd, 1940, doing the same or similar work." This issue was obviously submitted in connection with the first subsection No. 2 of Section 1, Article 8309, Vernon's Ann.Civ.Stats.

The amount of compensation awarded by the judgment was based upon first subsection No. 3, of Section 1, Article 8309.

In American Employers' Insurance Company v. Singleton, Tex.Com.App., holding approved by the Supreme Court, 24 S.W. 2d 26, 27, it was held that "the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to."

Appellee contends that the jury's answer to Special Issue No. 9 is supported by appellee's testimony that he had not worked for substantially the whole of the year immediately preceding the injury in the same or similar employment taken together with the testimony of A. M. Brock, Division Chief Clerk for the Humble Pipe Line Company at Corpus Christi, Texas, which was that the Humble Company had no employees doing work similar to that performed by appellee, who had worked approximately 300 days during the year preceding appellee's injuries. Brock explained that under the labor policy of the Humble Company such employees were restricted to thirty-six hours per week or 234 days a year.

No witness testified that there was not (or that the witness did not know of) an employee of the same class as appellee who had worked substantially the whole of the year preceding the date of appellee's injuries in the same or in a similar employment in the same or a neighboring place.

This testimony was insufficient to meet the burden of proof placed upon the claimant by the statute. Texas Employers Ins. Ass'n v. Ebers, Tex.Civ.App., 134 S.W.2d 797.

Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031, goes to the verge of permissible judicial construction. To extend further the holding of that case would be to destroy the statutory burden of proof by judicial legislation.

Having failed to show the impracticability of computing the average weekly wage under first subsection No. 2 of Section 1, Article 8309, the judgment based upon first subsection No. 3 thereof cannot stand.

On Appellee's Motion for Rehearing.

SMITH, Chief Justice.

The judgment was ordered reversed and the cause remanded primarily because of insufficient evidence to exclude computation of compensation under first Subd. 2,

§ 1, of Art. 8309, and authorize the jury to compute under first Subd. 3 of § 1. On motion for rehearing appellee insists that in its appeal appellant complained only that there was no evidence upon that issue, and did not raise the point of insufficient evidence; and that therefore this Court had no jurisdiction of the question of insufficient evidence. As a matter of fact, this Court sustained appellant's third proposition which was, that "The plaintiff, claiming compensation, having failed to make any proof that there were no other employees of the same or similar class who worked substantially 300 days during the year next preceding the date of the injury, it was error for the court to submit to the jury the issue as to what was the fair and just wage under Subdivision 3 of Section 1 of Article 8309 (germane to Assignments of Error Nos. 7, 8 and 9)."

██ In the cited assignments of error, upon which the proposition is based, appellant definitely complained, severally, that there was "no" evidence, and that the evidence was "insufficient" to sustain the jury finding under first Subdivision 2. When the proposition and related assignments of error are considered together, as they should be, they present the question of insufficient evidence.

█ In the original disposition this Court did not expressly pass upon appellant's propositions 8, 9, 10 and 11, but overruled them by implication. In those propositions appellant complains of the ruling of the trial judge in excluding proffered testimony that appellee was "drunk" on a certain occasion subsequent to the accidental injury for which he claimed and was awarded compensation in this action. We now expressly overrule those propositions, because they do not show reversible error. The error involving misconduct of the jury, adverted to in the original opinion, will probably not occur upon another trial.

█ The result is that reversal of the judgment of the trial court rests primarily upon the insufficiency of the evidence to support the finding of the jury that no other employee in appellee's class worked in that vicinity substantially 300 days during the year next preceding the date of appellee's injury, and, secondarily, upon the misconduct of the jury in connection with the issue fixing the amount of the award of compensation to appellee. All other issues were found in favor of appellee upon sufficient evidence, and we have concluded that it is the duty of this Court, in observance of Rule 434, Rules of Practice and Procedure in Civil Actions, effective March 31, 1941, to restrict the matters to be retried on a remand to those issues which are affected by the errors mentioned, they being severable from all other issues.

Accordingly, the original judgment of this Court will be amended so as to reverse the judgment and remand the cause for another trial for the purpose only of determining the amount of appellee's weekly wage in accordance with the formula prescribed in first Subdivisions 2 and 3, of § 1, Art. 8309, R.S. 1925, and fixing the amount of compensation to be awarded appellee thereunder.

Appellee's motion for rehearing will be overruled in part and granted in part, as indicated. The parties may file motions for rehearing in response to this opinion.

On Appellant's Motion for Rehearing.

 The right of appellate courts to reverse a judgment as to some issues and remand for new trial as to those issues only, does not arise solely or for the first time by reason of Rule 434, Rules of Practice & Procedure in Civil Cases, effective September 1, 1941. That rule is but declaratory of a rule or policy which has long been in force in this State. Old Rule 62a, 149 S.W.X; 3 Tex.Jur. §§ 808, 809, 810, 867. Upon many authorities there cited, it is said in 3 Tex.Jur. § 810:

"In a proper case, if error is found as to one or more issues only, the judgment being in other respects free from error, the cause may be reversed and remanded for retrial of the erroneously decided issues alone. As is remarked in an opinion in one of the cases, it would indeed be unfortunate if, after a fair and impartial trial has been had of one of the issues involved, the rules of procedure were such that, without any apparent reason therefor, the trial court should be again required to determine this same issue upon reversal for error affecting only another and separate issue."

Appellant's motion for rehearing is denied.