**TEXAS EMPLOYERS' INS. ASS'N v.
ALLGOOD.**

No. 15376.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 24, 1952.

Rehearing Denied Nov. 21, 1952.

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellant.

Peery, Kouri & Wilson, of Wichita Falls, for appellee.

HALL, Chief Justice.

This workmen's compensation case was instituted in the 89th District Court of Wichita County by appellee, Manley Allgood, against appellant, Texas Employers' Insurance Association. Judgment was rendered for appellee based on jury answers to special issues submitted, awarding compensation for total and permanent disability, recoverable in a lump sum.

Appellant's appeal consists of five points. Point one is:

"The error of the trial court in refusing to admit in evidence the plaintiff's testimony as to what sums of money he received for his services from his employers."

Appellant did not introduce evidence to controvert appellee's claim for total and permanent disability.

Appellant recognizes the rule to be, as pointed out in the case of American Employers' Insurance Co. v. Singleton, Tex. Com.App., opinion approved, 24 S.W.2d 26, while proving wage rate of an employee under the Workmen's Compensation Act, Article 8309, Sec. 1, subsections 1, 2 and 3, R.C.S., Vernon's Ann.Civ.St. art. 8309, § 1, subds. 1–3, that the burden of proof is on the claimant to establish by competent evidence that it is impracticable to compute the average weekly wage under either subsection 1 or 2 before subsection 3 can be resorted to. The claimant also has the burden to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to. Traders & General Insurance Co. v. Collins, 179 S.W.2d 525, writ refused.

The trial court submitted the case under subsection 2 because it was admitted by appellee, and uncontroverted by appellant, that he had not done similar work substantially whole of the year preceding his injury.

Appellee introduced in evidence the testimony of one Sargent, a disinterested witness, who testified on the question of whether or not the position on which he worked during the whole year preceding appellee's injury was the same or similar and came under the same class as that of appellee's. A portion of his testimony bearing on this subject is substantially that he worked without missing a day from August 21, 1950, to August 21, 1951, drawing $175 per month, plus the use of a five room modern house with a rental value of $40 per month and free water and gas, which he valued at $5 per month. Upon special issues submitted to the jury, it found the average weekly wage of the witness Sargent to be $41.82.

In answer to Special Issue No. 20, the jury found that the witness Sargent was

doing the same class of work as that of appellee at the time appellee received his accidental injury. The testimony of both appellee and witness Sargent was to the effect that their work was similar, they both worked about the same amount of hours per day. Both testified they were spending some four or five hours, or about one-half day, on the job and that their jobs were about two and a half miles apart. It was to appellant's advantage that appellee did not prove what a person doing the same or similar kind of work would receive if he were working the whole of a day for a full year.

The record shows appellee would have testified that he was drawing at the time of his injury $40 per month for about the last three months and $30 per month for the other three months of his employment.

Appellant contends that the difference between wages of appellee and wages of the witness Sargent would be substantial testimony for the jury to consider upon the question of whether or not the work they were doing was the same or similar and of the same class. We find the authorities to be otherwise. A similar situation was before the court in the case of Maryland Casualty Co. v. Stevens, Tex.Civ.App., 55 S.W.2d 149, writ refused. In this kind of situation, wage rate is based upon earning capacity and not on temporary or part-time earnings. Texas Employers Insurance Association v. Clack, 134 Tex. 151, 132 S.W.2d 399; also see Stevens case, supra; Traders & General Insurance Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682, writ dis.

We are not holding that the evidence offered is inadmissible. We are merely holding that it was not reversible error for the trial court to suppress it from the jury under the facts in this case.

Point one is overruled.

Appellant's points two and three:

"2. The error of the trial court in submitting Special Issue No. 16 of its Charge, inquiring as to whether there was one or more employees of the same class as Plaintiff who worked substantially the whole of the year preceding the date of the Plaintiff's injury.

"3. The error of the trial court in not submitting an issue inquiring as to what wage rate for the Plaintiff would be fair and just to both parties herein."

Appellant contends that subsection 3 to Section 1 of Article 8309, supra, should have been submitted to the jury and that evidence of the amount appellee was receiving could be considered by the jury in determining the fair and just amount that should be paid as wages. Appellant did not undertake to controvert the substantial testimony of Sargent, which set the provisions of subsection 2 in motion for submission. It did not place on the witness stand one witness during the whole trial.

We need not hold here, however, that appellee's uncontroverted testimony was established as a matter of law just because it was elicited from a disinterested witness, as discussed in the case of Associated Indemnity Corporation v. McGrew, 138 Tex. 583, 160 S.W.2d 912. See also Lamar v. Panhandle & S. F. Ry. Co., Tex.Com.App., 248 S.W. 34; Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143; Texas Employers' Insurance Association v. Hierholzer, Tex.Civ.App., 207 S.W.2d 178, writ refused, n. r. e.

As has heretofore been pointed out, plaintiff alleged and proved facts showing subdivision 1 was not applicable and plead and proved that the case came within the provisions of subdivision 2. Plaintiff's allegations as to subdivision 3 were in the alternative. The trial court's failure to submit an issue on subdivision 3 is an indication that plaintiff elected to try his case solely upon subdivision 2, which election was his right. It has been held in a case of this kind that if the defendant desired an issue submitted under subdivision 3, it was required to prepare and request its submission. Traders and General Insurance Company v. Yarbrough, Tex.Civ. App., 181 S.W.2d 305, writ ref., w. m., citing many cases.

Appellant in the instant case only requested submission of this defensive issue but did not prepare and submit same to the court.

Where the method under subdivision 2 is established by uncontroverted testimony, it has been held that subdivision 3 had no application. Allied Underwriters v. Spillman, Tex.Civ.App., 145 S.W.2d 703, writ refused.

Appellant's fourth point: "The error of the trial court in rendering judgment for the Plaintiff to include the sum of One Hundred Twenty-Nine and 40/100 Dollars ($129.40) hospital bills incurred by the Plaintiff."

One, C. M. Harvey, who was in charge of the hospital records of Electra Hospital where plaintiff was treated and confined for twenty-eight days, testified that his records showed the bill to be $129.40, that the charges were necessary, reasonable and customary for the services rendered. Dr. Thompson, attending physician, testified without dispute that his charge for services rendered during the first twenty-eight days was $88 and such charge was necessary, reasonable and customary for such services.

Appellant's contention is that the issue submitted inquired only as to the amount of the reasonable and necessary doctor's bills incurred by the plaintiff during the first twenty-eight days and no mention or inquiry was made pertaining to hospital bills. It contends that the judgment is excessive in the amount equal to the hospital bills proven.

Special Issues Nos. 18 and 19 and the jury's answers thereto are as follows: (18) "Do you find from a preponderance of the evidence that Plaintiff incurred doctor and hospital bills as a direct result of the injuries, if any, sustained by him on or about August 21st, 1951? * * * Answer: Yes." (19) "Find from a preponderance of the evidence the amount of the reasonable and necessary doctor bills, if any, incurred by the Plaintiff during the first 28 days immediately following August 21, 1951. * * * Answer: $216.40."

Special Issue No. 19 was conditionally submitted upon the jury's affirmative answer to Special Issue No. 18 and the fact that Special Issue 19 did not state the word "hospital" evidently was a clerical omission and the jury no doubt considered the term in No. 19 pertaining to doctor's and hospital bills the same as in No. 18. At any rate, the witnesses, hospital manager and doctor, who testified to the reasonableness and necessity of these bills, were not interested parties, in that they were not parties to the lawsuit proving up a claim for themselves. Therefore, the amount was proven as a matter of law. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Texas Employers' Insurance Association v. Hierholzer, supra. Then too, appellant in this case makes no contention here or in the trial court that the doctor's bills and hospital bills were unreasonably or unnecessarily incurred following appellee's injury, which they admit is total and permanent in nature. The trial court having submitted the first two elements of the cause of action, that is, whether or not the doctor's and hospital bills were incurred and whether or not they were reasonable and necessary, it was incumbent upon appellant to except to failure of the court to submit the third element before taking advantage of the omission under Rule 274, Texas Rules of Civil Procedure, which it failed to do. We find whatever error the court may have committed by omitting the word "hospital" in Special Issue No. 19 was harmless.

Appellant's point five: "The error of the trial court in submitting Special Issue No. 20 of its Charge herein, inquiring whether the witness, Sargent, did the same class of work as the Plaintiff during the year preceding the Plaintiff's injury."

Special Issues Nos. 16 and 20 and the jury's answers thereto are as follows: (16) "Do you find from a preponderance of the evidence that there was one or more employees of the same class as plaintiff working substantially the whole of the year immediately preceding the date of plaintiff's injury, if any, for another employer, in the same or a similar employment, in

the same or a neighboring place? * * * Answer: Yes." (20) "Do you find from a preponderance of the evidence that between August 21, 1950 and August 21, 1951, the witness Sargent was doing the same class of work as the plaintiff was doing at the time the plaintiff received his accidental injuries, if any, inquired about in Special Issues Nos. 1, 2 and 3? * * * Answer: He was doing the same class of work."

The defendant objected to the submission of Special Issue No. 20 on the ground that it was a repetition of the matters inquired about in Special Issue No. 16, and further because Special Issue No. 20 was evidentiary only and did not submit an ultimate issue of fact. The submission of Issue No. 20 was based upon undisputed testimony. The appellant has failed to show that the error complained of was injurious to it.

Finding no error, judgment of the trial court is affirmed.