## TEXAS EMPLOYERS' INS. ASS'N

### v.

## FORD.

### No. 10202.

Court of Civil Appeals of Texas.

Austin.

March 3, 1954.

Rehearing Denied March 31, 1954.

192

Camp & Camp, Cameron, Wood & Clopton, Austin, for appellant.

Jack W. Prescott, Cameron, for appellee.

GRAY, Justice.

This is a workmen's compensation case. Appellee was an employee of Lay Construction Company (later referred to as Lay), and appellant was the insurance carrier.

Appellee sued to recover compensation for total and permanent disability for accidental injury sustained by him in the course of his employment with Lay. He alleged that he and other employees were engaged in clearing the right of way along an easement for the construction of a telephone line in Milam County when a large tree fell across a road; that he and other employees were instructed to remove the

tree from the road and that while so doing he suffered an accidental injury to the intervertebral disc between his fifth lumbar vertebra and sacrum which injury resulted in his total and permanent disability. He further alleged that his average weekly wage was $40. He alleged further that:

"* * * if by reason of the shortness of the time of the employment of Plaintiff, or other employees engaged in the same class of work as Plaintiff was doing when injured, it be found that there were no other employees of the same class as Plaintiff at the time of his injury who had worked in the same or similar employment in the same or a neighboring place for substantially the whole of the preceding year immediately prior to Plaintiff's injuries, and that it is therefore impossible to compute the average weekly wage of this Plaintiff under either subsection 1 or 2 of section 1 of Article 8309, R.C.S.1925, as amended, then and in that event Plaintiff prays that his average weekly wage be computed by the Court or jury in any manner which may seem fair and just to both parties. And Plaintiff alleges that Forty And No/100 ($40.00) Dollars would be a sum as average weekly wage of this Plaintiff which would be just and fair to both parties."

At the conclusion of the evidence before a jury appellant made a motion for an instructed verdict which was overruled. The case was submitted to the jury on special issues, the verdict was received and appellant made a motion for judgment non obstante veredicto. This motion was overruled, appellee's motion for judgment on the verdict of the jury was granted and judgment was rendered awarding appellee recovery for total partial disability for 300 weeks at $21 per week.

Appellant assigns as error the action of the trial court in: overruling its motion for an instructed verdict; overruling its motion for judgment non obstante veredicto; submitting special issues 19, 20 and 21 to the jury; permitting appellee to an-

swer a question relative to his average weekly wage; granting appellee's motion for judgment, and in the alternative, refusing to render judgment for appellee for $8.10 per week for 300 weeks.

Appellant's points are directed to, and are briefed in relation to that part of the judgment and record concerning appellee's average weekly wage.

Appellee introduced his evidence as to his injury and rested without offering any evidence as to his average weekly wage. Appellant then made its motion for an instructed verdict on the grounds (1) that the evidence was insufficient to sustain a verdict for appellee, and (2) that there was no evidence to sustain a verdict as to the average weekly wage of appellee.

Appellee was permitted to reopen his case. It was not error for the trial court to permit appellee to reopen his case and to hear additional evidence. Rule 270, Texas Rules of Civil Procedure.

Appellee testified that at the time of his injury he had worked for Lay four or five weeks; that he was not employed by Lay for a year prior to his injury; that he did not know of any employee who had worked as much as a year in the same or similar employment as that in which he was working when injured; that prior to his employment with Lay he had been engaged in construction work of different kinds; that he did not know if any of Lay's employees had worked for that company as much as a year prior to his injury, and that he did not know of any employee who had been employed for as much as one year in the neighborhood in the same or similar employment as that in which he was engaged at the time of his injury. Appellee said that while working for Lay he received 80 cents per hour for ten hours work per day and that if he got in full time it would be six days per week, and then related other work done by him for which he received from 50 to 90 cents per hour for ten hours per day. During the course of his examination appellee was asked:

"Q. Based on your experience as a workman, engaged in that type of work, and your knowledge of working conditions in this area in which you have worked, tell the jury what a reasonable weekly wage would be for that type of work in this area?"

Appellant objected to the question for the reasons that:

" * * * since it is not under subsection 3 of the Act, and he testified he did not know whether or not any employee had been working for Lay Construction Co. for the 12 months preceding; he testified he did not know whether or not anybody was engaged in the same or similar work for 12 months preceding, and it must be shown it does not come under those two sections before you can go into the last question propounded; the man says he did not know whether they did or did not work for a year."

and further:

" * * * We object to it for the further reason he has not testified to any fact which would show that this witness knows what would be a fair average weekly wage for a man occupying the same position he was occupying at that time."

The objection was overruled and appellee answered "$40 or $50 is the average weekly wage."

Four employees of Lay who were employed at the time appellee was injured and who were working with him testified as witnesses, but they were not asked, on direct or on cross examination, to testify as to the average weekly wages received by them and were not asked how long they had been employed by Lay.

■ Appellee's testimony was sufficient to show that he could not qualify to receive compensation under either subsection 1 or subsection 2 of Sec. 1 of art. 8309, Vernon's Ann.Civ.St., and it then became his burden to establish his average weekly wage under subsection 3 of Sec. 1

of that article. Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W. 2d 1031, error dism.; Maryland Casualty Co. v. Drummond, Tex.Civ.App., 114 S.W. 2d 356, on motion for rehearing page 359, error ref.

■ Appellee's testimony was also sufficient to show prima facie that he had not worked for substantially the whole of a year in the employment in which he was engaged when injured and that there was no employee of the same class as appellee who had worked in similar employment for substantially the whole of a year immediately preceding the injury in the same or a neighboring place. Federal Underwriters Exchange v. Stewart, supra.

Further the evidence was sufficient to show that appellee could not establish his average annual wage under subsections 1 or 2, supra, and to place upon him the burden of establishing his average weekly wage in a manner fair and just to both parties. Subsection 3.

It follows that appellant's first objection was properly overruled. Moreover, as was said in the Stewart case, supra "This matter was one about which both sides to the controversy had an equal opportunity to offer evidence". [109 S.W.2d 1032.] Appellant went no further than to cross examine appellee as to the work in which he had been engaged and the wages received therefor. It made no inquiry of other employees of Lay as to their weekly wage or the length of their employment. Neither did it make any such inquiry of any other witness. Thus appellant raised little if any doubt as to the truth of appellee's testimony. The evidence was sufficient to discharge the burden resting on appellee. Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, affirmed Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Federal Underwriters Exchange v. Porterfield, Tex. Civ.App., 182 S.W.2d 847, error ref., w. o. m.

Appellee said he had lived in Cameron (Milam County) for about thirty years

and had been engaged in the construction business "a good many years." And as already stated he related his employment and the wages he received. These facts afforded a standard for weighing appellee's opinion that $40 or $50 would be the average weekly wage. The second objection was properly overruled. McCormick and Ray, Texas Law of Evidence, Sec. 628, p. 788; 19 Tex.Jur., Sec. 100, p. 151.

By issue 14 the jury found that appellee's injury caused his partial incapacity to work. The jury was told that in the event they so answered issue 14 to answer issue 19 which asked them to find the "average wage earning capacity" of appellee "during such partial incapacity." The answer was $5 per week. Appellant objected to the submission of that issue because there was no evidence to justify its submission.

█ Appellant has not briefed this point and the same is waived. However, because of the judgment rendered appellant has not suffered injury because of the submission of the issue or the answer of the jury thereto.

In answer to issue 20 the jury found that there was no employee of the same class as appellee who had worked in the same or similar employment in the same or a neighboring place for substantially the whole of a year immediately prior to appellee's injury. And in answer to issue 21 found that appellee's average weekly wage was $40 per week.

█ We have already discussed the evidence relative to issues 20 and 21. We think the evidence raised the issues and supports the jury's answers thereto.

The jury found appellee's partial disability to be 90 per cent and that it was permanent.

Art. 8306, Sec. 11, Vernon's Ann.Civ.St., provides:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages befor the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than Twenty-five Dollars ($25) per week. The period covered by such compensation shall be in no case greater than three hundred (300) weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from the date of injury."

In rendering judgment the trial court apparently made his calculation under this section by taking 60 per cent of appellee's weekly wage of $35 ($40, issue 21 less $5, issue 19), and awarded appellee a recovery of $21 per week for 300 weeks.

It is obvious that appellant has not suffered injury by the calculation made upon the jury findings and section 11, supra. Texas Employees' Ins. Ass'n v. Tanner, Tex.Civ.App., 218 S.W.2d 277, error ref., n. r. e.

It is our opinion that the trial court did not err in refusing to render judgment for appellee for $8.10 per week for 300 weeks.

The judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

In its Motion for Rehearing appellant vigorously assails our original opinion and complains that we did not cite or quote from ten cases cited in its brief and says that we

"* * * necessarily hold that these ten cases do not correctly state the law or else they are not in point. These cases are American Employers' Insurance Company v. Singleton, Tex. Com.App., 24 S.W.2d 26; Lumbermen's, etc. v. Warner, Tex.Com.App., 245 S.W. 664; Texas Employers' Insurance Association v. Ebers, [Tex.

Civ.App.], 134 S.W.2d 797, Writ Refused, judgment correct; Texas Employers' Insurance Association v. Lightfoot [Tex.Civ.App.], 158 S.W.2d 321; [Id., 139 Tex. 304], 162 S.W.2d 929; Traders & General Insurance Company v. Milliken, [Tex.Civ.App.], 110 S.W.2d 108; Texas Employers' Insurance Association v. Neely, [Tex.Civ.App.], 189 S.W.2d 626; Employers' Liability Assurance Corp. v. Young, [Tex.Civ.App.], 203 S.W.2d 822, Writ Refused NRE; [Id., 146 Tex. 168], 204 S.W.2d 833; Ætna Casualty & Surety Company v. Davis, [Tex.Civ.App.], 196 S.W.2d 35; Texas Employers' Insurance Association v. Allgood, [Tex.Civ.App.], 252 S.W. 2d 589; Robinson v. Texas Employers' Insurance Association, [Tex.Civ. App.], 261 S.W.2d 217, Writ Refused."

A reading of those cases will demonstrate that they do not decide the questions presented in this appeal (sufficiency of the evidence before us). However, insofar only as they relate to the evidence before us, we will refer to them in the order cited giving to each a number.

(1) The court noted that:

"* * * it is not shown by any evidence that he (claimant) had, prior thereto, earned in any manner a daily or weekly wage, nor was it shown that the average daily wage or salary which an employe of the same class working substantially the whole of such immediate preceding year in the same or similar employment in the same or a neighboring place, shall have earned during the days he was employed."

The evidence showed only that the employee had worked 18 or 20 days when he was injured at a salary of $35 per week.

"Nothing further is shown that would throw any light whatever as to any employment or earnings of deceased prior to the injury, except that prior to the instant employment he worked on the farm for his mother, and was a strong robust man at that time. There is no showing whatever what the value of his services to his mother were, or what she would have to pay to get others to do the work he did. * * * Further, there is no showing in the record as to what others in the same or a neighboring place were earning at similar employment."

(2) In affirming an award of compensation as against an attack that there was an absence of evidence to show the daily wage earned by other employees, the Court said:

"It was agreed that the deceased was earning $2.50 per day at the time of his death, but that he had been employed only a few days when his death occurred. There was no proof in evidence of what other employes in the same class of work had received immediately and prior thereto for a period of one year. The father testified, however, that the son had assisted him in the farm work, and that he could not get any one to do the work as well as his son, and that he would be compelled to pay from $2.50 to $3 per day to others to do the work which his son was doing for him.

"* * * * * *

"It is observed from a reading of the statute that great latitude is allowed in arriving at the compensation to be awarded."

(3) The evidence showed that the employee worked only 260 days immediately preceding his injuries and that no other employee worked more than 260 days for the employer during such period. At this point the evidence on the issue terminated.

"The record is absolutely silent as to whether or not there were other employees of the same class working substantially the whole of such immediately preceding year in a similar employment in the same place or in a neighboring place."

It was held the court erred in submitting a weekly wage rate under subdivision 3.

(4) In holding the evidence insufficient for a submission of weekly wage under subdivision 3 the court said:

> "No witness testified that there was not (or that the witness did not know of) an employee of the same class as appellee who had worked substantially the whole of the year preceding the date of appellee's injuries in the same or in a similar employment in the same or a neighboring place."

(5) The court stated that the holding of the Court of Civil Appeals with regard to the insufficiency of the evidence to support the jury's finding of wage rate was not before the court for review.

(6) The jury found that other employees did work in the same or similar employment as the plaintiff for the year preceding his injury. However there was no submission and no finding as to the average wage of such employees. There were allegations, proof and jury findings under subdivision 3. The evidence was:

> "* * * the witness Jack Shirley testified that he knew all the 'roughnecks' in and around Pampa during the year preceding the injury, and that none of them had worked as much as 300 days of that year. The plaintiff testified that he did not know of anyone that had worked as much as 300 days in such employment. Both of these witnesses testified that the average wage of 'roughnecks' for such work during said year was $5 per day."

Without motion therefor the trial court disregarded the jury finding under subdivision 2 and rendered judgment on the jury's finding under subdivision 3. The court held such action was not authorized and reversed and remanded the cause.

(7) The jury found that appellee did not work substantially the whole of a year preceding his injury in the employment in which he was engaged when injured. The evidence on this issue was given by appellee who testified that he was acquainted with the customary wages paid carpenters in the vicinity during the preceding year and stated what such wages were. He did not testify that he knew of any carpenter who had worked in the vicinity for substantially the whole of the preceding year and did not testify that no carpenter had so worked in that vicinity. He was silent on these points and there was no other pertinent testimony.

One of the appellant's assignments of error was that there was no basis for a finding of average weekly wage in excess of the minimum of $7 per week. It was held that appellee did not discharge the burden of proof resting upon him to show that his wages could not be computed under subsection 2 and reversed the judgment and remanded the cause.

(8) Appellee admitted he could not comply with the provisions of subsection 1. There was no evidence showing or tending to show that there was no other employee of the same class as appellee who had worked in the same or similar employment in the same or in a neighboring place as that in which appellee was employed when injured. There was no evidence fixing the average weekly, daily or annual wage rate of appellee.

The trial court submitted issues to the jury under subsections 2 and 3, and the jury found in answer to the issues under subsection 3 that appellee's average weekly wage was $59. The court held there was no evidence to support the submission of issues under subsections 2 or 3 and that only one subsection should be submitted and that it was error to submit both.

For these and other errors (some of which were that certain issues improperly placed the burden of proof) the trial court's judgment was reversed and the cause was remanded.

(9) The Supreme Court refused a writ of error, n. r. e. in the above cause (8 supra) but in a per curiam opinion, Employers' Liability Assurance Corp. v. Young, 146 Tex. 168, 204 S.W.2d 833, said:

> "* * * We do not approve that part of the opinion of the Court of Civil Appeals which criticises the man-

ner of the submission of the special issues by the trial court."

(10) The employee had worked only two months when he was injured. He received $20 weekly wages, $3 value of his meals and $3 for one day's extra work in the week, which made a total received by him of $26 per week. The evidence showed that no other employee of the same class as appellee had worked for substantially the whole of a year in the same or similar employment in the same or in a neighboring place. The jury found a weekly wage of $26 as just and fair to both parties. This finding was upheld.

(In discussing this case appellant quotes from the dissenting opinion in which it is argued that the evidence was not sufficient to overcome the requirements of subsection 1 and make subsections 2 and 3 applicable.)

(11) The rule that the burden of proof is on the applicant to show that his compensation cannot be computed under subsection 1 before resorting to subsection 2, and that it cannot be computed under subsection 2 before resorting to subsection 3 is reannounced. The evidence showed that appellee had not worked substantially the whole of a year prior to his injury, but did show that another employee of the same class as appellee had worked for the whole of the year preceding the injury in similar employment in a neighboring place and also showed his wages.

The submission of issues under subsection 2 were upheld. The court also held that submission of issues under subsection 3, which was plead in the alternative were not required.

(12) The trial court held that the evidence did not support a jury finding that no other employee of the same class as plaintiff had worked substantially the whole of the year immediately preceding the injury in the same or similar employment in the same or a neighboring place. This action of the trial court was upheld, the court saying:

"There was no evidence that there was not such an employee. On the contrary, plaintiff himself testified and named three persons who had worked as much as a year prior to his injury in the same type of work in which he was engaged. This testimony is not contradicted. Although there was no evidence concerning the average weekly wage earned by such employees, there was no showing that such wages could not have been ascertained, or why for any reason it would have been impracticable to compute plaintiff's wage rate on the basis of the wages earned by one or more of such employees."

While we have directed our attention to the evidence before the courts in the above cases, it may be generally stated that they hold that the burden is on the claimant of workmen's compensation to establish his average wage; that he must prove it cannot be established under subsection 1 before resorting to subsection 2, and that if such wage can be established under subsection 2 resort cannot be had to subsection 3. And further that "great latitude is to be allowed in arriving at the compensation to be awarded." There must however be some evidence to establish the average wage and to support the award.

Appellant refers us to the testimony of the witnesses Hamilton and Buck. Hamilton testified that he had worked for Lay approximately four years prior to March 26, 1952, the date of appellee's injury. He said he did not work continuously but would quit and go back to work and that he did not know the last time he quit before going back to work prior to March 26, 1952, "I did not pay any attention to the date like that." He does not say that he had, or had not, worked for Lay for as much as substantially a year prior to March 26, 1952. This witness does not dispute the testimony of appellee and was insufficient to raise an issue under subsection 2. The witness Buck was the "Labor foreman" of the job and appellee was a laborer working for or under him. He did

not testify that he had worked for Lay for substantially the whole of a year prior to March 26, 1952. He said appellee worked for him approximately three weeks and that he (Buck) had been working on the job "for a while" when he hired appellee.

We adhere to our conclusion that the testimony of appellee was sufficient to show prima facie that no employee of the same class as appellee had worked for substantially the whole of a year prior to the injury in the same or similar employment at the same or in a neighboring place. In addition to the authorities cited in our original opinion in support of this conclusion we cite: Texas Employees' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755, er. ref., n. r. e.; Employers' Liability Assur. Corp v. Manning, Tex.Civ.App., 188 S.W. 2d 268, er. ref., w. o. m.

Appellant says a real controversy did exist in the trial court over appellee's wage rate and refers us to its motions for an instructed verdict, for judgment non obstante veredicto, and its objection to the testimony of appellee as passed on in our original opinion. The motions for instructed verdict were properly overruled because the evidence was sufficient to raise a jury issue. The motion for judgment non obstante veredicto was properly overruled because a directed verdict would have been improper. Rule 301, Texas Rules of Civil Procedure. We have disposed of appellant's objection to the question propounded to appellee. In connection with this contention appellant says the effect of our original opinion is to place on it the burden of proving appellee's wage rate.

We did say that appellee's evidence was sufficient to show prima facie that no employee of the same class as appellee had worked in the same or similar employment for substantially the whole of a year prior to appellee's injury at the same or in a neighboring place. We further said that appellant by its failure to introduce any evidence on the issue raised little if any doubt as to the truth of appellee's testimony. Of course the burden of proof never shifted from appellee to appellant,

but after its motions for instructed verdict (which were requests for judgment on the evidence or because of the absence of evidence) were overruled and when its objection to the testimony of appellee was overruled, it had the option to rely on the weight of the evidence before the jury or to proceed to introduce evidence to dispute the prima facie proof of appellee. Thornell v. Missouri State Life Ins. Co., Tex.Civ.App., 229 S.W. 653, affirmed Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203; 17 Tex.Jur. p. 326, Sec. 99; McCormick & Ray, Texas Law of Evidence, p. 39, Sec. 28.

Appellant's Motion for Rehearing is overruled.