A. M. INGERSOL ET AL. V. ADA A. MCWILLIE ET AL.

No. 625.

**Questions Affecting Character.**

The privilege of a witness to decline to answer is that of the witness only. If a witness either voluntarily or by compulsion of the court answer a question which it is his privilege not to answer, no party can complain ....... 648

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

The following extract from the opinion in the Court of Civil Appeals will show the matters referred to in the refusal to grant the writ of error:

"The testimony of the witness had already shown relations towards A. S. Collins which were more than friendly during the time of the claimed marriage relation between him and Hortense Dix Collins. Her testimony was largely of declarations of Collins, which it was claimed were communicated to the witness in the closest confidence in his own private apartments, and in the fullest detail concerning his domestic affairs; and specially concerning his relations towards Hor-

tense Dix Collins when there was no one else present. Under the circumstances, the court did not err in allowing appellees to ask her, on cross-examination, whether she had sustained improper relations with A. S. Collins? Her own testimony had already gone almost that far, and under the liberal rule allowed in cross-examination, it was proper to fully test her evidence by showing the relation she bore towards Collins and towards Hortense. Her motives, her feelings, her relations towards the parties, were not improper subjects of inquiry in getting at the proper weight to be given her testimony. None of the testimony elicited from the witness was prejudicial to her, except that which refers to her relations with Collins, which was competent. The grounds of the objection, as shown by the bill of exception, are not that the privilege of the witness was in any way violated, but that the testimony was immaterial and irrelevant. It was both material and relevant, in that it tended to show the proper weight which the jury should give to her testimony."

The admission of this testimony and the approval of it was urged as error in the petition for writ of error.

*W. W. Wilkins, T. W. Stratton, Maughs & Eck,* and *Dillard & Muse,* for appellants.

GAINES, CHIEF JUSTICE.—We are of the opinion, that the application in this case shows no error for which the judgment ought to be reversed. We can not, except for special reasons, undertake to give the grounds for our conclusions in refusing to grant a petition for a writ of error. But in this case we are not prepared to hold that the trial court did not err in requiring the witness Lydia Hawley to answer the questions whether she had not had sexual intercourse with Collins, and whether she had not visited a house of ill-fame. We do not find it necessary to decide the point. If error at all, it is error of which applicants can not take advantage. The answers were relevant on cross-examination as tending to show the bias of the witness, and as tending to affect the credibility of her testimony. The privilege of not answering in such a case is the privilege of the witness only. If a witness either voluntarily or by compulsion of the court answer a question which it is his privilege not to answer, no party can complain. Regina v. Kinglake, 22 Law Times (N. S.), 335; Clarke v. Reese, 35 Cal., 89, and cases cited; The People v. Brown, 72 N. Y., 571.

The application for a writ of error is refused.

*Application refused.*

Delivered April 18, 1895.