## H. L. MEREDITH v. THE STATE.

No. 2907.   Decided March 4, 1914.

**1.—Forgery—Charge of Court—Consent—Intent.**

Where, upon trial of forgery, the defendant contended that he had implied consent of the parties whose names he was alleged to have forged, and the court submitted a requested charge thereon as well as one that the defendant must have had the intent to injure or defraud, there was no error on this ground.

**2.—Same—Venue—Charge of Court.**

Where the alleged written instrument was used and passed in the county of the prosecution, it made no difference that the defendant wrote said alleged forged names in another county, and there was no error in refusing defendant's requested charge to acquit on this ground.

**3.—Same—Indictment.**

Where, upon trial of forgery, the indictment followed approved precedent, the same was sufficient.

**4.—Same—Charge of Court—Authority to Sign Name.**

Where, upon trial of forgery, the evidence did not raise the issue that defendant had authority to sign the names to the alleged note, no charge was required thereon; however, the court submitted a charge that if defendant had authority to sign, to acquit, and there was no error in refusing defendant's special instructions on the same subject. .

**5.—Same—Evidence—Oral Proof of Note.**

Where, upon trial of forgery, the court gave appellant time to search for the alleged forged note which he could not find and did not ask for further time to search, there was no error in admitting oral testimony of the contents of said note alleged in the indictment.

**6.—Same—Written Instrument—Notice—Rule Stated.**

When the instrument or writing is in the hands or power of the adverse party, he can not generally be compelled to produce it, but the practice is to give him notice to produce it, to lay a foundation for the introduction of secondary evidence of its contents. Following Rollins v. State, 21 Texas Crim. App., 148.

**7.—Same—Venue—Mailing—Charge of Court—Objections.**

Where, upon trial of forgery of a note, there was evidence that the note was mailed to the payee in the county of the prosecution where defendant was in business and dated there, the venue was correctly alleged, although the note may have been written in another county, the court charging the jury that the offense must be proved as charged in the indictment in the county of the prosecution, and in the absence of objections to said charge, the matter can not be reviewed.

Appeal from the District Court of Mason. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Dalrymple* and *Joe P. Flack,* for appellant.—On question of venue: Davis v. State, 63 Texas Crim. Rep., 484; Morgan v. State, 62 id., 39.

On question of secondary evidence: Rollins v. State, 21 Texas Crim. App., 148, 17 S. W. Rep., 456.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The indictment alleges that appellant forged the names of George Willis, L. F. Lehmberg, Willie Birk and W. R. Jones to a note for $550 payable to the order of J. T. Simpson. Mr. Simpson testified that appellant delivered such note to him and he loaned him $500 on the note. George Willis testified that he never signed the note nor authorized appellant to sign his name to it. L. F. Lehmberg testified that he did not sign the note, nor authorize appellant nor any other person to sign his name to the note. That he was never approached in regard to this transaction by appellant. Willie Birk testified that he never signed the note nor authorized any other person to sign his name to the note. That he was never requested to sign the note nor any mention of it made to him. W. R. Jones also testified that he did not sign the note in question, nor authorize anyone else to sign his name to it. George Willis is the only one who says he was ever requested to sign the note, and says he declined to do so, on account of conditions then existing.

Appellant testified and admitted he signed the names of these gentlemen to the note in question, but says they "implied consent to him in conversation that he had with them." He says Willie Birk had signed a note payable to Mrs. Doxy that he did not use; that Lehmberg had also signed the note of Mrs. Doxy; that he believed these men would have signed the $550 note as they had signed the $240 note to Mrs. Doxy. He further admits that he never told these men that he had signed their names to the $550 note to Simpson. However, he stated that he was at Field Creek in Llano County when he signed the names of these men to the note, and mailed it at Field Creek to Mr. Simpson at Llano. Mr. Simpson testified he received the note through the mail, but that it was his opinion that it was mailed to him from Pontotoc in Mason County. Appellant was in business at Pontotoc, but he says he had gone to Field Creek that day on business.

The defendant requested the following charge which was by the court given: "When the person making an instrument in writing acts under authority, which he has good reason to believe and actually does believe to be sufficient, he is not guilty of forgery, though the authority be, in fact, insufficient and void; and this is true, even though the person whose name is alleged to be forged is not bound by such testimony or by the instrument. And unless it is established in this case, beyond a reasonable doubt, that the defendant made the instrument alleged to be forged and that he acted without authority of any one of the parties whose names it is alleged he forged, and that he had no good reason to believe and actually did not believe that he had sufficient authority from anyone of the persons or parties whose names it is alleged were forged, then you will acquit the defendant."

Also the following charge was given at his request: "The false making of an instrument to constitute forgery must be done with intent to injure or defraud; and in this case, it is not sufficient to show that the names attached to the instrument set up in the indictment were forged. The further fact must be established, beyond a reasonable

doubt, that such act was done with intent on the part of the defendant, at the time of the committing of the alleged forgery, to injure or defraud; unless the jury so finds that the act, if done, was so done with the intent to injure or defraud, you will acquit the defendant. And the defendant would be entitled to acquittal even though it should appear that he was guilty of making the alleged forged instrument and that he did 'receive money thereon."

On the question of venue the appellant requested the court to instruct the jury that if appellant did not write the names to the note in Mason County, they would acquit appellant, even though they should find that he mailed the note to Mr. Simpson at Pontotoc, in Mason County. This is not the law, and the court did not err in refusing this charge. Our Code provides (art. 235) that the offense of forgery may be prosecuted in any county where the written instrument was forged, *or where the same was used or passed,* or attempted to be used or passed. This identical question was passed on in Mason v. State, 32 Texas Crim. Rep., 95, and Hocker v. State, 34 Texas Crim. Rep., 359, and held adversely to appellant's contention. Even though the names were written to the note at Field Creek in Llano County, if in fact he mailed it to Mr. Simpson at Pontotoc, this would be the place he made use of the note, and would give venue to Mason County.

The indictment is not subject to the objection made. Branch's Criminal Law, secs. 379 and 381.

There is no serious conflict in the court's charge as given and charge No. 3 given at appellant's request, and taking the two together there can be no question that the jury was instructed that if appellant had authority to sign the names or either of them to the note, or believed he had authority, he should be acquitted. However, we might say that we do not think the evidence really raises this issue. Appellant admits he signed all four names to the note; all four of these gentlemen testify that they gave appellant no authority to sign their names to the note. Appellant admits that they did not authorize him to do so, but says by reason of the fact that two of them had signed another note with him he thought they would not object to him signing their names, yet at the same time stating that one of these gentlemen refused to sign this note when requested to do so, and he never spoke to the other gentlemen. There is no such course of dealing shown between these gentlemen and appellant as would raise or even tend to raise the question of implied authority. The best he can say in testifying is that "he did not think they would object." This would be no defense, when, as a matter of fact, they did and do now object. If he did not think they would object, he should have presented the note to them for their signatures. When the note became due, they objected to paying Mr. Simpson, and could not be held liable on the note, although Mr. Simpson had loaned the money on the strength of their signatures.

The only objection we deem necessary to notice is that the court admitted oral proof of the contents of the note. In the indictment it is

alleged that the note was in possession of appellant when last seen, but he is not therein expressly given notice to produce it. Of course, appellant could not be required to produce the note, for this would be compelling him to give evidence against himself. This court in the case of Rollins v. State, 21 Texas Crim. App., 148, 17 S. W. Rep., 466, adopted the rule laid down by Mr. Greenleaf in his work on Evidence: "When the instrument of writing is in the hands or power of the adverse party, there are, in general, except in the cases above mentioned, no means at law of compelling him to produce it; but the practice in such cases is to give him or his attorney a regular notice to produce the original. Not that, on proof of such notice, he is compellable to give evidence against himself, but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing, by showing that the party has done all in his power to produce the original." 1 Greenl. Ev., 560. This rule has been followed in several cases since the rendition of this opinion, and when the State offered oral proof of the contents of the note, the court promptly sustained the objection, when the district attorney at once served notice on appellant to produce the note or he would offer secondary evidence of its contents. Appellant stated to the court that he did not have the note with him, but that it was at his home. The court then took a recess to give appellant time to go to his home and secure the note. Appellant when he took the stand testified that he went to his home and looked for the note, but had failed to find it. However, if given further time he thought he could find it. In approving the bill the court states: "That the defendant testified that the last he saw of the note in question he placed it in a pigeonhole in his safe at Pontotoc and he did not think it could have gotten out; that no one knew the combination of the safe except a man in New Mexico who had been absent for several years; and that he searched the safe on the day he went to Pontotoc when the court recessed for the purpose of allowing defendant to make the search, and failed to find the note." As the matter is presented, we do not think there was error in admitting oral proof of the contents of the note. There is no fixed time that notice must be given, only that a reasonable time must be given. In this case it appears that the court did give appellant time to go to his home and search the place where he claimed he had placed the note, and he did not ask for further time, but simply objected to the introduction of oral proof. Inasmuch as appellant testified himself that the note is correctly set out in the indictment, and the court did give him such time as he requested, the bill presents no error.

On the question of venue appellant testifies that he wrote the note in Llano County, and mailed it at Field Creek in Llano County, and wrote the letter accompanying it in John McCloud's store on plain unruled paper. Of course, if this is true, Mason County would have no jurisdiction of the offense. But Mr. Simpson testified that the note was mailed to him from Pontotoc, in Mason County. That the letter or note accompanying the note was written on the letter-head of appel-

lant, who was in business at Pontotoc, and dated at Pontotoc. If this is true, Mason County would have jurisdiction. Appellant tried the case on the theory that these facts if true would not give jurisdiction to Mason County, if the note was written in Llano, and his special charges are based on this incorrect conception of the law, and of course they should not have been given. No objection was made to that portion of the charge presenting that issue, and no exception reserved thereto, the only exception in this respect being that the court erred in failing to give the charges requested. The court instructed the jury that "it is necessary for the State to prove that the offense charged was committed in Mason County, Texas, as charged in the indictment." In the absence of objection to this presentation of the issue, this case being tried on the 4th of last October, we do not think error is presented.

The judgment is affirmed.

*Affirmed.*