## BYRON DUANE MOORE V. THE STATE.

No. 20,679.  Delivered December 13, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is knowingly passing a forged instrument. The punishment assessed is confinement in the state penitentiary for a term of two years.

The only question presented is whether the evidence is sufficient to have required the court to charge on implied authority on the part of appellant to sign the name of B. B. Fowler to the alleged forged check. B. B. Fowler, whose name was forged to the check in question, testified that he was a student in John Tarlton College at Stephensville, Texas, and had attended said school in the years 1937, 1938, and 1939. That he was acquainted with the defendant, but that there wasn't any particular friendship existing between them. That he did not authorize the defendant to sign his name to the check. He admitted that he had known the defendant, Moore, at school the year before, and that while at school they ran around together a good deal. He further stated that if he had had any money in the bank and the defendant had asked him, it would have been allright for defendant to check on him provided he had come and told him about it. He further testified as follows: "We were pretty good college friends; most boys are. If I had any money in the

bank I wouldn't think the defendant would have been authorized to sign my name to a check without consulting me about it."

Appellant testified in his own behalf as follows "I had run around with Fowler and thought it would be alright for me to sign the check on him if I told him about it. I did expect to tell him about it as soon as I could. * * In two weeks I did not get in touch with the bank or Fowler either. He, (Fowler), never told me or authorized me to give a check on him in those words. I ran around with him and thought it would be alright with him for me to sign the check on him if I told him about it."

The most that can be said of his testimony is that he did not think Fowler would object, and thought he would ratify the act after its commission. We do not think that evidence of friendship and association would be sufficient to raise the issue of implied authority. In support of the opinion here expressed we refer to the following authorities. Art. 993 P. C., Countee v. State, 33 S. W., 127; Meredith v. State, 164 S. W., 1019; Carlton v. State, 60 Tex. Crim. Rep., 584.

No other questions being presented by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge. .

Appellant again urges that he was entitled, under the facts herein, to have submitted to the jury the issue of implied authority to sign the name of Fowler to the check alleged to have been forged, and that we were in error when we held that the testimony was not sufficient to raise such an issue.

Article 993, P. C. provides that: "When the person making or altering an instrument in writing acts under an authority which he has good reason to believe, and actually does believe, to be sufficient, he is not guilty of forgery, though the authority be in fact insufficient and void."

It will be observed from the excerpts of testimony in the original opinion that not only did appellant not have good reason to believe that he had the authority to sign Fowler's name to the alleged forged check, but he also did not actually

believe that he had such authority. The matter seems to have never been discussed between them.

The motion will be overruled.