**TRADERS AND GENERAL INSURANCE COMPANY, Appellant,**

v.

**L. A. ROCKEY, Appellee.**

No. 6461.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 17, 1955.

Rehearing Denied Feb. 14, 1955.

rier for the Slaton Co-operative Gin Company, the employer by whom appellee, L. A. Rockey, was employed on October 17, 1952, when he received alleged injuries to his back while removing a bale of cotton from a gin press, out of which alleged injuries this suit arose. The case was tried to a jury upon special issues submitted and judgment was rendered upon the verdict awarding total incapacity benefits to appellee for a temporary period of 14 weeks and 75 per cent partial incapacity benefits thereafter for a period of 290 weeks, it appearing from the record that appellee had been operated upon for a hernia for which appellant admitted liability.

In its pleadings, appellant admitted that appellee did suffer a rupture or hernia on the occasion in question for which he was entitled to receive compensation for the full maximum period of 26 weeks at a rate of $25 per week but appellant denies that appellee received any additional injury or form of incapacity to work on the occasion in question. Appellant further alleged that it had already paid all expenses for a successful hernia operation upon appellee. However, Appellant admitted in open court that if any additional recovery was awarded to appellee as a result of the alleged injuries, such award should be paid to him in a lump sum and that in any such event the maximum rate of $25 per week should be allowed as compensation for any loss of capacity found to exist, whether it be total or partial, permanent or temporary. As a result of these admissions made by appellant, the only issues to be here determined are whether or not appellee's earning capacity was reduced by reason of the alleged injuries; if so, to what extent and for what length of time.

■ In determining correct answers to the issues, we should keep in mind that it is for lost capacity to work that indemnity is given an employee by the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Lloyds Guarantee Assur. v. Anderson, Tex.Civ.App., 170 S.W.2d 312, and other authorities there cited. In the case of Maryland Casualty Co. v. Drum-

Simpson, Clayton, & Fullingim, Amarillo, for appellant.

Bob Huff and J. H. Splawn, Jr.; Lubbock (Ted Odom, Lubbock, of counsel), for appellee.

PITTS, Chief Justice.

This is a Workmen's Compensation case in which appellant, Traders and General Insurance Company, was the insurance car-

mond, Tex.Civ.App., 114 S.W.2d 356 (writ refused), the court held that the Workmen's Compensation Law was designed to compensate the injured employee for the loss of earning capacity and not for the loss of earnings. In the case of Traders and General Insurance Co. v. O'Quinn, Tex. Civ.App., 111 S.W.2d 859 (writ refused), the court held that the risk assumed by the compensation insurance carried is not one of indemnity against loss of income but one against loss of capacity to work. The said rule was likewise announced by the court in the case of Texas Employers' Insurance Association v. Clack, 134 Tex. 151, 132 S. W.2d 399, 401, in the following language:

"One of the underlying purposes of our compensation statutes is to compensate an injured employee, not merely for loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed on a full-time basis."

It should likewise be observed that where an issue is made of a lump sum settlement for an employee's injuries in a compensation case, it is proper to make proof of and argue to the jury the employee's inability to work, the size of his family and the existence, if any, of their adverse circumstances and dire needs. But when it has been admitted by the adversary that a lump sum payment should be paid in case of recovery in any sum at the maximum rate of $25 per week, proof of and argument to a jury concerning the size of employee's family and its dire circumstantial needs, if any, are irrelevant and probably prejudicial matters and should not be heard, especially when there are no issues to be determined but the extent and duration of appellee's injuries, if any. Texas Employers' Ins. Ass'n v. Lee, Tex. 256 S. W.2d 569. When essential elements of an alleged cause of action are specifically admitted by an adversary in open court, they need no evidence to substantiate them and such elements need not be submitted to a jury in such event.

Appellant complains about the admission of certain testimony given over its

objections by Dr. D. D. Cross, who, at the request of appellee's counsel, had carefully examined appellee professionally some two months before the trial and again more recently. Dr. Cross had testified extensively about appellee's physical condition and the kind and character of work he may be able to do and that which, in his judgment, appellee would not be able to do. Thereafter, appellee's counsel propounded the following question:

"Doctor, if a man gets hungry, he can do lots of things?"

Such appears to be merely an ex parte statement made by counsel but he probably modified his voice so as to make it in the form of a question since it is so shown in the record. Over the urgent objections of appellant's counsel, Dr. Cross answered:

"I know that a lot of men work with back injuries; almost as bad as this. Work eight hours and then go home and hurt, suffer pain all night. I have patients that do that very thing. They do it because they need to work, and they need the money to live on."

Under the state of the record before us, the question of counsel, if it be a question, was improper. The reply of Dr. Cross went far beyond giving an answer to the question, if it be such, when the injuries of others, their habits, and the speculative results therefrom were stated by the Doctor. Counsel for appellant moved to exclude the question and answer but such was overruled. According to the record, counsel for appellant preserved his point and presents it here as error and the same is sustained. Appellee contends that the question propounded was in rebuttal to matters brought out on cross examination of Dr. Cross but an examination of such cross examination does not support appellee's contentions. The record reveals that Dr. Cross volunteered statements several times that were not in response to questions propounded to him on cross examination, which voluntary statements may have borne some relationship to his statements later made on re-direct examination. Appellee further contends that the error, if

it be such, was a harmless error, but we cannot agree with such contention of appellee. We do not think either the question or the reply given by Dr. Cross, even as an expert medical witness, was proper.

Appellant complains about further testimony given on re-direct examination by Dr. Cross in connection with objective and subjective symptoms of a patient when he testified in effect that he sometimes had to rely upon what a patient told him in making a diagnosis. He then further testified, "In that sense, it is hearsay evidence but it is evidence that is introduced in every case all over the country." The trial court sustained appellant's objections to the hereinabove quoted testimony given by Dr. Cross and upon a proper motion instructed the jury not to consider it. Nevertheless, appellant urges that such a statement made under oath by Dr. Cross constituted prejudicial error, since the jury may attach more importance to the sworn testimony of a reputable physician and surgeon of long practice in the Lubbock vicinity than it would to the trial court's ruling. Such is possible, although speculative, and we have no way of knowing about this matter.

In Points 11, 13 and 14, appellant charges reversible errors were committed because of improper arguments made to the jury, over appellant's objections, by appellee's counsel as reflected by approved bills of exception ordered filed by the trial court. The opening argument of appellee's counsel as shown by the record and challenged by appellant in Point 11, was as follows:

"A man (referring to plaintiff, L. A. Rockey) out there working and making $125 a week, and then have to take a job that he has to feed his family and keep them in the necessities, he goes to work for $15 a week. In other words, the despair, and the difference between what he was earning then and what he has been able to work under this constant pain as he suffered there at night, is evidence on the issue of his disability just as strong, and some of the strongest that you can consider."

The record reveals that such argument was permitted over appellant's objections and the trial court refused to submit appellant's requested charge to the jury directing it not to consider such argument. As previously stated, the legal issue to be determined was the loss of appellee's earning capacity and not the loss of his earnings. The opening argument of appellee's counsel showing the loss of appellee's earnings, the despair and necessitous circumstances of his family was improper argument under the state of the record here presented, particularly in view of appellant's admissions previously herein shown.

The closing argument of appellee's counsel, as reflected by the record and challenged by the appellant separately in Points 13 and 14, was as follows: (that challenged in Point 13),

"Why didn't they admit it, gentlemen, back there at the time when he was starving to death, when he had a wife and kids out there to support on $15 a week, that a farmer out there, that has lived out there 40 years, took pity on him and paid him just to help him along and carry him along and keep him off the hard jobs?"

(that challenged in Point 14),

"Under the living wage today, gentlemen, when the cost of living is up fifty per cent, and they are paying a hundred thousand dollars for a registered bull, and a sack of groceries a foot high costs you ten dollars,— gentlemen, that doesn't go very far, that fifteen dollars a week, in trying to take care of a family, in reference to being considered the usual and regular course of employment that a man is trained for."

For reasons previously stated, the argument in both instances was improper. The record reflects no evidence or justification of the argument concerning the sympathetic employment of appellee by a farmer or the cost of a registered bull and a "sack of groceries a foot high," and contrasting such with a salary of $15 per week. Coun-

sel makes reference in his argument to the time when appellee "was starving to death," and seems to imply that appellant was responsible for it. Such is not supported by the evidence and evidence of such a nature would have been improper if tendered. The record reflects that these arguments were permitted over appellant's objections and in each instance the trial court refused to submit appellant's requested charge to the jury directing it not to consider such argument. The record further reveals that in the last two instances appellant's counsel did not audibly make the objections in open court where all could hear such but quietly approached the trial court bench and privately made such objection to the trial court. In our opinion, it is a better practice for counsel to audibly and openly make objections, if he chooses, to the argument of his adversary even though such does interrupt the argument and the procedure briefly. But it has been held that a failure to openly and audibly make such objections does not invalidate objections when made only to the trial court, particularly if the challenged argument being made is improper. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978; Behringer v. South Plains Coaches, 13 S.W.2d 334; English v. Morris, Tex.Civ.App., 68 S.W.2d 532; Robbins v. Wynne, Tex.Com.App., 44 S. W.2d 946; Airline Motor Coaches, Inc., v. Owens, Tex.Civ.App., 199 S.W.2d 802; Home Life & Accident Co. v. Jordan, Tex. Civ.App., 231 S.W. 802; Western Indemnity Co. v. MacKechnie, Tex.Civ.App., 214 S.W. 456.

Appellant further complains in Point 12 about the criticism made of appellant's counsel by appellee's counsel in his closing argument. The record reflects an implied criticism in such argument by counsel, who then tempered his statement with a compliment paid to counsel for appellant and further stated that he made objections when such were to be made. It is the duty of an attorney to preserve the record and use all proper means to protect the interests of his client, for which he should not be criticised, but we fail to find any serious transgressions of the rules in this instance.

Appellant charges error because of an alleged improper definition of the term "partial incapacity" given to the jury by the trial court. In connection with the submission of certain special issues to the jury, the trial court defined the term "total incapacity" and later in its charge gave the following definition:

> "By the term "partial incapacity" as used herein, is meant such physical condition of the injured employee as that he is able to both procure and perform work at some occupation suitable to his existing conditions, but less remunerative or requiring less physical strength than the work he was engaged in at the time of the injury."

Appellant objected to the submission of a definition in such language and requested the trial court to define the term "partial incapacity as meaning any degree of incapacity less than total." In our opinion, appellant's requested definition is more simple and less confusing than the one given by the trial court. Some courts have defined the term in very brief, simple language. In the case of Texas Employers' Insurance Association v. Brock, 36 S.W.2d 704, 705, the Commission of Appeals defined the said term as being "any disability less than 100 per cent." In the case of Texas Employers' Insurance Association v. Phelan, Tex.Civ.App., 103 S.W.2d 863, 865, this court said, "'partial incapacity' obviously means less than 'total incapacity.'" In our opinion, the two authorities cited by appellee in support of the trial court's definition of the said term gave definitions in different language than that used by the trial court and probably less confusing. We do not hold that the trial court's definition of the term in question constitutes reversible error, but, it appearing that this case must be reversed and remanded for other reasons, the trial court may couch such a definition in language that can be more easily understood if and when a retrial is had. Usually a jury is made up of

average laymen and definitions of necessary legal terms should be couched in ordinary language that is easily understood and not confusing.

Appellant has repeatedly complained about the admission over objections of evidence concerning only the issue of wage rate and a lump sum settlement after appellant had admitted that appellee would be entitled to a lump sum settlement at the weekly maximum rate of $25 for any award finally made. The record reveals that much time and space were devoted to developing the facts concerning the nature, kind and character of work done by appellee and for whom he worked from the year 1941 up to the time of his injuries on October 17, 1952. In our opinion, most of said evidence was immaterial in view of the admissions made by appellant. However, such could not have been more than harmless error, if in fact any error was committed, except for evidence concerning the needy circumstances and financial strain of the family previously herein discussed.

Appellant charges reversible error because appellee was permitted over exception and objection to plead that as a result of his injuries his left testicle was swollen "which prevents him from having sexual relations, and has caused complete loss of any sexual ambition," and then sought to prove such. Appellant excepted to such a pleading on the grounds that such pleading raised an immaterial matter, was prejudicial and not compensable, but the exception was overruled and the pleading was read to the jury. While appellee was giving direct testimony concerning his injury, in response to a question propounded he testified that, "Well, I have enormously lot of swelling in the lower testicle; through all along, especially at different times, more at one time maybe, than it will be the next time. And if I should say, my sexual part of my life—." Whereupon, an objection was interposed by appellant's counsel only to appellee's last statement being voluntarily made because it was not responsive to the question, was improper, immaterial

and raised an element of damage not compensable under the Workmen's Compensation Law and moved that the voluntary statement of the witness be excluded. The objection was sustained by the trial court and the jury was instructed not to consider that part of appellee's statement.

The record reveals that the matter about which appellant complains was permitted in the pleading of appellee but excluded from the testimony. At any rate, appellant complains about the matter and charges that such constituted prejudicial error since it was pleaded by appellee and in spite of the trial court's instructions to the jury not to consider appellee's statement given as testimony. Under authorities cited by both parties, the loss of "sexual powers" is not a compensable injury under the Texas Compensation Law and under such circumstances as are reflected in the record before us. The Compensation Law does not compensate for pain and suffering or for the loss of earnings but merely for the loss of earning capacity. Appellee did not plead that the loss of his sexual powers incapacitated him for work or labor. He merely pleaded the loss of his sexual powers and ambition. Under the state of the record before us and under the circumstances presented, it is our opinion that error was committed by reason of the matter in question being pleaded by appellee, as well as his attempt to prove such allegations, notwithstanding the instructions of the trial court to the jury not to consider appellee's statement in question made as a witness.

Appellant charges other errors were committed. In our opinion, any other errors committed were harmless errors. The record reveals that the trial of the case was made unnecessarily lengthy and many close questions were presented for determination by the trial court.

In a cross assignment, appellee seeks to have the judgment of the trial court reformed so as to award him $25 per week for 26 weeks for the admitted hernia appellee suffered as a specific in-

jury, in addition to the other awards made him by the trial court in its judgment. In our opinion, the trial court properly refused to make such additional award to appellee under the state of the record here presented and appellee's cross assignment is overruled.

Because of the errors heretofore shown herein, the judgment of the trial court must be reversed and the cause remanded.