**E. L. PARKER, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 11260.**

Court of Civil Appeals of Texas.

Austin.

Nov. 4, 1964.

Rehearing Denied Nov. 18, 1964.

Felts & Robinson, Austin, for appellant.

Waggoner Carr, Atty. Gen., Charles B. Swanner, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Justice.

To state this case we quote partially from appellant's brief:

"This is an appeal from the grant of a permanent injunction arising out of the first proceeding brought by the Attorney General under the Texas Regulatory Loan Act passed by the Legislature in 1963 (Senate Bill No. 15, Acts. 58 Leg.Reg.Sess.1963.) [Footnote 1]

"The Appellant, E. L. Parker, was the Defendand in the trial court and the Appellees, The State of Texas and Francis A. Miskell, Texas Regulatory Loan Commissioner, were Plaintiffs in the trial court. The parties will be referred to as they were in the trial court.

"The Defendant Parker owns and operates a retail liquor store on Airport Boulevard in Austin, Texas. He does not have any license from the Loan Commission to engage in the loan business. He does loan money. The Loan Commissioner learned of this activity and filed suit against him. On the morning Parker was served with the citation, the deputy sheriff serving the citation was accompanied by two investigators employed by the Loan Commission and the Receiver appointed by the Court. Immediately upon being served by the deputy, the two Commission Investigators demanded to inspect Parker's 'books and records.' This demand was made even before Parker was given the opportunity to read the pleadings.

"Parker, after reading the pleadings and in compliance with the Court's order, turned over to the Investigators his 'books and records,' which consisted of promissory notes, checks and small 3 X 5 index cards containing the names of the borrowers, a record of their payment and other memoranda concerning the borrowers, such as purchases of merchandise and liquor which they had made from Parker. The Investigators took these 'books and records' and made a record of the borrowers' names and other informa-

1. Article 6165b, Vernon's Texas Civil Statutes.

tion found in these 'books and records.' The Investigators then turned over the promissory notes and checks to the Receiver returning the cards to Parker.

"The Plaintiffs, alleging usurious conduct against the Defendant, filed suit seeking a temporary restraining order, the appointment of a temporary receiver, a temporary injunction and a permanent injunction. The trial court granted the restraining order and the appointment of a receiver without notice or hearing and set the temporary injunction for hearing. Upon the day set for hearing the temporary injunction, it was the agreement of the parties with the approval of the trial judge to proceed to trial on the merits and hearing on the permanent injunction.

"Before hearing, the Defendant presented special exceptions, two of which (Exceptions 4 and 5) excepted to the laws relied upon by Plaintiffs as being unconstitutional as to the Defendant. These exceptions were taken under advisement by the trial court. After hearing, the trial court overruled all of Defendant's exceptions and granted judgment for the Plaintiffs enjoining the Defendant from collecting any interest on loans made by him and directed him to pay the costs, including $150.00 as fee for the temporary receiver."

In its findings of fact and conclusions of law, the court found that Parker was violating the law by lending money with cash advances of $1500 or less at usurious interest; that he was advertising himself as being in the loan business; that he had made as many as three usurious loans within the past six months; that he was not a licensee under the Texas Regulatory Loan Act; that he was not exempt from the requirements of the law; and, that his loans were not exempt transactions from the law.

We affirm the judgment of the trial court.

Appellant Parker is before this Court on one point of error in that the trial court erred in concluding that the act was constitutional under the facts of this case.

Appellant contends that Sections 12(b), (c) and (g) of Article 6165b, called the Texas Regulatory Loan Act, are in conflict with Article 1, Sections 9 and 10, of the Texas Constitution, Vernon's Ann.St. which protect persons from unreasonable search and seizures and provide that a person shall not be compelled to give evidence against himself in criminal prosecutions.

Section 12(b) of the Act in question prescribes the method of the Commissioner or his authorized representatives may investigate the books, accounts, papers, etc. of any licensee "or other person who the commissioner has reasonable cause to believe is violating any provision of this Act whether or not such person shall claim to be within the authority or scope of this Act. For the purposes of this subsection any person who advertises for, solicits or holds himself out as willing to make loans with cash advances in the amount or the value of One Thousand Five Hundred Dollars ($1,500) or less, shall be presumed to be engaged in the business described in Section 5 of this Act."

Section (c) of the Act authorizes the Commissioner in the course of any investigation, examination or hearing looking to the enforcement of any provision of the Act, by subpoena or summons directed to any peace officer within the State, to compel the production of books and records and the attendance and testimony of witnesses.

Section (g) authorizes the Commissioner having "reasonable cause to believe that any licensee or any other person is violating any provision of this Act" to seek an injunction in the proper court or the relation of the Attorney General and further authorize the appointment of a receiver to impound the books and records of the suspected violator in the manner followed in the case at bar.

■ We do not believe that it would add to this opinion to discuss in detail the authority cited by appellant in behalf of his contention that Parker's records were illegally seized inasmuch as we are in agreement that Art. 1, Sec. 9, of the Texas Constitution does prohibit unreasonable search and seizures of the private papers of an individual. We believe, however, that this aspect of the case is controlled by our holding in Culver v. Smith, Tex.Civ.App., 74 S. W.2d 754, error refused, which allowed such a search and seizure where it involves a business that is subject to regulation in the public interest and subject to the regulatory powers of an administrative agency delegated to regulate such business. Such records by their very nature become public as distinguished from those entirely private.

Culver v. Smith, supra, involved the constitutionality of a statute empowering the Railroad Commission to investigate the petroleum industry and authorizing the Commission to require certain reports, make inspections and examine records. The same argument as to illegal search and seizure was made there as here, however, this Court in an exhaustive opinion stated that " * * * the provisions of the act for examining and inspecting powers are legal, because they relate to matters and things which may be legitimately left to administrative determination and discretion, and are enabling powers in aid of the broader administrative powers exercised by the Commission in the enforcement of the Conservation Laws."

This Court then quoted Mr. Justice Hughes in Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 as follows:

"The principle (lack of immunity) applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established. There the privilege which exists as to private papers cannot be maintained."

While Parker was not a licensee, the act is broad enough to apply to anyone performing within its scope. The Commissioner was interested solely in those records pertaining to the loan business, records which he had a legal right to inspect any time he had reason to believe that a violation of the law had occurred.

■ Nor do we believe that we can reverse this case upon appellant's theory that his constitutional protection against self incrimination guaranteed him by Article 1, Section 10, of the Texas Constitution has been violated. The privilege of self immunity is a privilege of the witness only. Ingersol v. McWillie, 87 Tex. 647, 30 S.W. 869. In Fleishman v. State, Tex.Civ.App., 91 S.W.2d 493, defendant's counsel attempted to invoke the privilege where defendant's books and records were entered into evidence against him in a proceeding to recover penalties for violation of an order of· the Railroad Commission. Here the court affirmed the judgment of the trial court that admitted the questioned records. In Texas the privilege must be invoked by the accused personally and an attempt by his lawyer to do so is insufficient. See Annotation in 51 A.L.R.2d, p. 1178 n. 4.

Meredith v. State, 73 Tex.Cr.R. 147, 164 S.W. 1019, relied upon by appellant is not in point as the accused in that case did not assert the privilege when he was called upon to produce the note in question but attempted to do so when secondary evidence was introduced to describe the note. The secondary evidence was admitted and the appellate court upheld the forgery conviction.

Since no statement of facts or bills of exception are before this Court we have no way of knowing if or how the privilege was exercised and must presume that the Court correctly ruled on the evidence admitted.

The judgment of the trial court is affirmed.

Affirmed.