**C. B. ALEXANDER, Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellee.**

No. 7873.

Court of Civil Appeals of Texas.

Texarkana.

May 14, 1968.

Rehearing Denied June 11, 1968.

Ivy C. Fuselier, Richard W. Fairchild, Nacogdoches, for appellant.

Larry W. Starr, Kenley, Boyland, Hawthorn & Starr, Longview, for appellee.

FANNING, Justice.

A workmen's compensation case. Appellant, C. B. Alexander, sued appellee insurance company for compensation for permanent total incapacity resulting from an injury allegedly sustained on or about June 30, 1965, in the course of his employment

by Nutone, Inc., Wood Carv Division. Trial to a jury resulted in a verdict entitling appellant to compensation for three months of total incapacity. Since appellee had paid appellant compensation for 15 weeks of total incapacity, judgment was rendered decreeing that appellant take nothing and pay all costs. Appellant's amended motion for new trial was overruled and appellant has appealed.

Appellant by his 1st point contends to the effect that the trial court erred in allowing counsel for appellee to interrogate appellant before the jury over appellant's objections with respect to whether in a prior suit for compensation on a 1954 injury that appellant claimed that his total disability resulting from that injury was permanent. Appellant by his 2nd point contends to the effect that the trial court erred in admitting in evidence, over appellant's objections, appellant's petition in the prior suit concerning the 1954 injury, in which petition the allegation was made that the total disability resulting from the injury was permanent.

Prior to the beginning of the trial, appellant presented his motion in limine requesting the trial court that the matters referred to therein be kept from the jury "unless and until the matter has been called to the court's attention out of the presence and hearing of the jury, and after a favorable ruling by this court has been made holding in favor of the admissibility and relevance of such matters." Included in the matters referred to in the motion in limine was any reference to prior claims and suits. Appellant's said motion in limine was sustained by the trial court.

With respect to pre-existing bodily infirmities, if any, appellant pleaded as follows:

"It is further alleged that Plaintiff had no pre-existing bodily infirmity which contributed to his incapacity alleged herein, but if he be mistaken in this respect and it should be shown that he did have any pre-existing bodily infirmities then

same were aggravated, incited, lighted up and made worse by the injuries sued on herein, all of which naturally resulted in his incapacity described hereinabove."

Appellee pleaded the defense of a prior compensable injury as follows:

"Defendant affirmatively alleges that any incapacity which the Plaintiff might have had beyond the fifteen weeks period referred to in the foregoing paragraph were the result of a prior compensable back injury sustained by the Plaintiff on October 7, 1954, which injury and the effects thereof have contributed to any incapacity which Plaintiff may have had upon the occasion made the basis of the present suit. In this connection, Defendant specifically relies upon Section 12C of Article 8306 of the [Vernon's Ann.] Texas Revised Civil Statutes and affirmatively asserts the prior compensable injury sustained by Plaintiff in defense of this suit."

Appellant went into the 1954 back injury while testifying on direct examination by his counsel as the first witness in the case. In his first reference to said 1954 injury appellant on direct examination testified to the effect that in 1953 or 1954 he hurt the low part of his back and lost about a year's work therefrom. Appellant then testified to the effect that he fully recovered from the 1954 injury. Appellant's testimony comparing the 1954 injury and the injury sued on in this case (also on direct examination) was in part as follows:

"Q. * * * Now as to whether that is the same place where you hurt back in the early fifties, state whether that is true or not.

A. Yes, sir. Practically the same place.

Q. Well, did it just be the same place or did this last injury include some extra testimony?

A. Yes, it did. My back hurt up farther and my legs, too.

Q. All right. By the way, your first injury, did your legs bother you some, too?

A. No sir. Not too much on the first one.

Q. Well, did they bother you some?

A. Yes, sir.

Q. Now in making a comparison to the two injuries, were they about the same or was one of them more painful to you than the other, if so, which one?

A. Yes, the last one was much painful."

The above testimony of appellant which minimizes the involvement of his legs in the 1954 injury is to some extent contradicted and is not in full harmony with the language of the petition in the prior suit, which states in part as follows:

"He has suffered intense pain in those parts of his body (referring to the spine), and pain has radiated to other parts of his body, particularly his right lower extremity."

In the questioning of appellant by appellee's counsel concerning the position taken by him in the suit following the 1954 injury, which was outside the presence of the jury so that the trial court could determine the admissibility thereof in accordance with his order on the motion in limine, appellant in effect either denied or disclaimed recollection that he claimed to be totally and permanently disabled and full knowledge of the parts of his body claimed to be involved in the prior suit. The trial court then ruled such evidence to be admissible as well as appellant's petition in the prior suit. At that time appellant made no specific objection to the petition in the prior suit. Later in the presence of the jury, appellant's counsel objected to the evidence in question and to the petition in the prior suit upon grounds of remoteness and that it was "immaterial, irrevelant and prejudicial." However appellant did not request that the allegation of total and permanent disability be eliminated from the petition and his objection was to the document as a whole.

In Beseda v. Transamerica Insurance Company, Tex.Civ.App., 414 S.W.2d 742, wr. ref., n. r. e. (1967) it was stated in part as follows:

"Appellant's fourth point of error complains of the action of the trial court in permitting appellee to read in evidence allegations of appellant's petition in an earlier suit on a different cause of action wherein appellant claimed total and permanent incapacity from injuries to the lumbar area of his back. The rule is well established that pleadings in other actions which contain statements of fact inconsistent with the party's present position are receivable in evidence as admissions. St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W. 2d 744, 747; Hartford Accident & Indemnity Company v. McCardell, Tex. Sup.Ct., 369 S.W.2d 331. However, the mere fact that plaintiff filed the suit, the amount of money sued for and the claim in the petition that the incapacity of plaintiff is total and permanent (held to be a mere prediction, not a fact allegation) are not admissible for impeachment, and are irrelevant to any other issue of the case, where properly objected to. St. Paul Fire & Marine Insurance Co. v. Murphree, supra; Hartford Accident & Indemnity Co. v. McCardell, supra; Aetna Casualty & Surety Company v. Depoister, Tex.Civ.App., 393 S.W.2d 822, 831, writ ref., n. r. e. Appellant's only objection to the introduction before the jury of the portion of the petition was that (1) the proper predicate had not been laid, (2) it was immaterial as to the disabilities plaintiff sustained in the accident, and (3) no causal connection or anything like that. No request was made that the allegation of total and permanent disability be eliminated. The court did not err in overruling the objections made. Haywood v. Texas Employers Insurance

Association, Tex.Civ.App., 383 S.W.2d 866, 869(3)."

In Haywood v. Texas Employers Insurance Association, Tex.Civ.App., 383 S.W.2d 869, no writ (1964), it was stated in part as follows:

"The trial court did not err in admitting this portion of the petition. The statements contained therein were clearly inconsistent with appellant's contention that his prior injury concerned his back in the shoulder area. The objection was made to the document as a whole and no request was made that the allegation of total and permanent disability be eliminated. The document admitted was relevant to a material issue and was inconsistent with the position taken at the trial by appellant. Hartford Accident and Indemnity Company v. McCardell, Tex. Sup., 369 S.W.2d 331; St. Paul Fire & Marine Insurance Company v. Murphree, 163 Tex. 534, 357 S.W.2d 744."

■ Appellant's 1st and 2nd points are not deemed as presenting error under the record in this case. Furthermore it is our view that in the light of the record as a whole that it is abundantly clear that reversible error is not presented by appellant's 1st and 2nd points. Rule 434, Texas Rules of Civil Procedure.

Appellant's 1st and 2nd points are overruled.

Appellant by his 3rd point contends that the trial court erred "in refusing to allow Appellant to offer in evidence before the jury the testimony of Appellant's wife to the effect that since his injury in 1965 Appellant's back and leg hurt him when he attempts sexual intercourse." Appellant by his fourth point contends that the trial court erred "in refusing to allow Appellant, on cross examination of Appellee's witness Dr. DeCharles, to ask the doctor: 'Doctor isn't it a known fact medically that in many instances that an injury to the back affects a person's sex desire and sex power?'"

The only authority cited by appellant in support of his 3rd and 4th points is the following quotation from the case of Texas Employers Insurance Ass'n v. Ebers, 134 S.W.2d 797 (Amarillo—Tex.Civ.App.1939) wr. dism., judgm. cor., as follows:

"Complaint was also made of the pleading and testimony of the appellee as to his loss of sexual power. Both the pleadings and the testimony on this issue attributed such loss to the injury to appellee's back, spine and other organs of his body. Under such circumstances, notwithstanding such loss is not a compensable injury under the Texas Compensation Law, it is our opinion that it was competent for the appellee to plead and prove such fact for whatever it was worth to the jury in determining the extent of the injuries to appellee's back, spine and internal organs."

The *Ebers* case reversed the judgment of the trial court on other matters and the Supreme Court dismissed the application for writ of error with the notation, "judgm. corr.".

The Amarillo Court of Civil Appeals in 1955, without citing the *Ebers* case, in Traders & General Insurance Company v. Rockey, 278 S.W.2d 490 (Amarillo—Tex. Civ.App.1955), wr. ref., n. r. e., stated in part as follows:

"Appellant charges reversible error because appellee was permitted over exception and objection to plead that as a result of his injuries his left testicle was swollen 'which prevents him from having sexual relations, and has caused complete loss of any sexual ambition', and then sought to prove such. Appellant excepted to such a pleading on the grounds that such pleading raised an immaterial matter, was prejudicial and not compensable, but the exception was overruled and the pleading was read to the jury. While appellee was giving direct testimony concerning his injury, in response to a question propounded he testified that, 'Well, I have enormously lot of swelling in the lower

testicle; through all along, especially at different times, more at one time maybe, than it will be the next time. And if I should say, my sexual part of my life—.' Whereupon, an objection was interposed by appellant's counsel only to appellee's last statement being voluntarily made because it was not responsive to the question, was improper, immaterial and raised an element of damage not compensable under the Workmen's Compensation Law and moved that the voluntary statement of the witness be excluded. The objection was sustained by the trial court and the jury was instructed not to consider that part of appellee's statement.

"The record reveals that the matter about which appellant complains was permitted in the pleading of appellee but excluded from the testimony. At any rate, appellant complains about the matter and charges that such constituted prejudicial error since it was pleaded by appellee and in spite of the trial court's instructions to the jury not to consider appellee's statement given as testimony. Under authorities cited by both parties, the loss of 'sexual powers' is not a compensable injury under the Texas Compensation Law and under such circumstances as are reflected in the record before us. The Compensation Law does not compensate for pain and suffering or for the loss of earnings but merely for the loss of earning capacity. Appellee did not plead that the loss of his sexual powers incapacitated him for work or labor. He merely pleaded the loss of his sexual powers and ambition. Under the state of the record before us and under the circumstances presented, it is our opinion that error was committed by reason of the matter in question being pleaded by appellee, as well as his attempt to prove such allegations, notwithstanding the instructions of the trial court to the jury not to consider appellee's statement in question made as a witness."

We hold that the trial court did not err in refusing appellant on cross-examination of appellee's witness Dr. DeCharles, to ask the doctor: "Doctor, isn't it a known fact medically that in many instances that an injury to the back affects a person's sex desire and sex power?" Traders & General Insurance Company v. Rockey, supra (278 S.W.2d 490). Appellant's 4th point is overruled.

The proffered testimony of appellant's wife referred to in appellant's third point was not admissible for the purpose of showing loss or damage to sexual power and ambition of appellant. Traders & General Insurance Company v. Rockey, supra. Furthermore, even if such testimony might be remotely admissible for what little weight it might have, if any, for the limited purpose of showing appellant's disability to work, such testimony would be merely cumulative of other testimony in the record, as it might pertain to the ability of appellant to move his body and to work. Appellant testified that he could not bend his back and that any sort of movement of his body to the right or left or forward or backward made the pain in his back worse and that when he was examined by Dr. DeCharles he did not bend his body in any degree at all and that when Dr. DeCharles asked him to do so he told him that it was too painful and that he also told Dr. DeCharles then that his left leg was bothering him a lot. Appellant's wife also testified to the effect that her husband was not able-bodied and strong and active like he was before he got hurt and to the effect that after the injury he was not able to work and complained of his back hurting.

It is our view that appellant's 3rd point does not present reversible error under the record in this case and said point is overruled. Rule 434, T.R.C.P.

Appellant by his 5th point contends that the trial court erred "in refusing to allow Appellant, on cross-examination of Appellee's witness Dr. DeCharles, to ask

the doctor: 'And, you have been active, physically able and available to see this man any time the insurance company has seen fit since July, 1965, haven't you?'"

Appellant has cited no case in his brief to support the above contention. We have not found any case which would support such contention and perceive no reversible error under such contention. Rule 434, Tex. R.Civ.P. Appellant's 5th point is overruled.

The judgment of the trial court is affirmed.