Johnnie SHAKOUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 39118.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 20, 1966.

John W. L. Hicks, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The appeal is from a conviction for violation of the Texas Regulatory Loan Act (Art. 6165b Vernon's Ann.C.S.) Section 5(a) of which provides in part that no person shall, without first obtaining a license from the Regulatory Loan Commissioner of the State of Texas (created by the act) "engage in the business of making loans with cash advances of One Thousand Five Hundred Dollars ($1,500) or less, and contract for, charge or receive, directly or indirectly, on or in connection with any such loan, any charges, whether for interest, compensation, consideration or expense or other thing or otherwise, which in the aggregate are greater than such person would be permitted by law to charge if he were not a licensee under this Act."

Trial was before the court on a plea of not guilty. Appellant was found guilty and assessed a fine of $500, such being the minimum punishment provided for the violation of Section 5(a) of the Act.

The complaint and information alleged that on or about July 16, 1964, appellant did without first obtaining a license from the Regulatory Loan Commissioner unlawfully engage in the business of making loans by loaning and advancing $50.00 to Claud Williams and in connection with such loan contracting for charges which in the aggregate were greater than ten per cent (10%) per annum of the amount of the loan.

The state's evidence shows that appellant, known to the witnesses as Johnnie Green, was engaged in the business of making small loans.

On July 29, 1964, he had 401 loan accounts upon which he placed a value of $23,000.00.

One of the loan accounts was that of Claud Williams in the amount of $69.00.

Williams testified that he had made loans from appellant for three or four years; that on July 16, 1964, he borrowed $50.00 from him, $69.00 to be repaid in September; that he paid the $69.00 and received a $5.00 refund from appellant.

The state's evidence further shows that appellant had never obtained or applied for a Regulatory Loan License. It was not shown that he was exempt or ineligible under Section 6 thereof.

The maximum legal interest which can be charged by a person who is not licensed under the Regulatory Loan Act is ten per cent

per annum. Art. 16, Section 11, Constitution of Texas, Vernon's Ann.St.

One licensed under the act may charge as much as $19.00 interest on a $50.00 loan for a four month period. Whether such a charge by a licensee is excessive or exorbitant is for the legislature. One not a licensee or borrower has no standing to complain that only a licensee may charge more than ten per cent per annum.

Appellant's claims of error are all predicated upon the contention that the Texas Regulatory Loan Act and various sections thereof are invalid in that they violate the due process clause of the Constitution of the United States and the Constitution of this state.

The Texas Constitution, Art. 16, Sec. 11, prior to its amendment in 1891 provided that by contract the parties might agree upon any rate of interest not to exceed 12 per cent per annum, all interest in excess being usurious, and the legislature was directed to provide pains and penalties to prevent and punish usury.

Section 11 of Article 16 of the Constitution of Texas was amended in 1891 so as to provide that all contracts for a greater rate of interest than 10 per cent per annum should be deemed usurious, and the legislature was again directed to provide appropriate pains and penalties to prevent the same.

Section 11, of said Article 16 of the Constitution of Texas, was amended in 1960 and now provides:

"The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six per centum (6%) per annum. Should any regulatory agency, acting under the provisions of this Section, cancel or refuse to grant any permit under any law passed by the Legislature; then such applicant or holder shall have the right of appeal to the courts and granted a trial de novo as that term is used in appealing from the justice of peace court to the county court."

This Section furnished ample authority for the enactment of the Texas Regulatory Loan Act, including the penal provisions of Section 5 thereof applicable to persons other than licensees.

The undisputed evidence shows that appellant, who was not a licensee, in violation of such act engaged in the business of making loans and made the loan as alleged in the information contracting for an interest rate greater than ten per cent per annum.

The provisions of the Act are severable. Section 31 provides:

"If any provision of this Act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable."

One of the provisions of the act was set aside without disturbing the remainder of the act by reason of the severability clause in Miskell v. Termplan Inc., Tex.Civ.App., 381 S.W.2d 129.

Other provisions were considered in Parker v. State, 383 S.W.2d 869, wherein

the Court of Civil Appeals concluded that the Texas Regulatory Loan Act is broad enough to apply to one not a licensee performing within its scope.

■ Appellant did not attempt to avail himself of the provisions of the statute so as to permit his being classified, licensed and authorized to contract for a rate of interest in excess of ten per cent per annum. He is in no position to complain of portions of the statute which affect only those who do apply and those who are licensed.

■ We do not deem it necessary for this court to pass upon appellant's attack upon various requirements for obtaining a license under the Texas Regulatory Loan Act. Such questions are for the courts having jurisdiction in civil cases which, under the provisions of Art. 16, Sec. 11 of the Constitution of Texas, may be invoked by appeal from a denial of an application or from a cancellation of the permit of a licensee.

■ We hold that as applied to a person other than a licensee thereunder, the penal provisions of Section 5 of the Texas Regulatory Loan Act making it an offense for anyone other than a licensee to engage in the business of making loans of $1,500 or less and to contract for, charge or receive interest at a rate in excess of ten per cent per annum, are not invalid.

We note, however, that the Texas Regulatory Loan Act does not deprive appellant of the right to engage in the lawful business of making loans at interest rates not exceeding ten per cent per annum, the maximum interest allowed under the constitution in the absence of a statute such as authorized by Art. 16, Sec. 11.

The judgment is affirmed.