**BENEFICIAL FINANCE COMPANY OF MIDLAND, Appellant,**

v.

**Francis A. MISKELL, Regulatory Loan Commissioner of the State of Texas, Appellee.**

No. 11573.

Court of Civil Appeals of Texas.

Austin.

Feb. 7, 1968.

Rehearing Denied Feb. 28, 1968.

Clark, West, Keller, Clark & Ginsberg, W. B. West, III, Allen Butler, Dallas, for appellant.

Crawford C. Martin, Atty. Gen., George M. Cowden, 1st Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., Sam Kelley, Charles T. Rose, Robert C. Flowers, Asst. Attys. Gen., Austin, for appellee.

HUGHES, Justice.

Beneficial Finance Company of Midland, appellant, is a corporation with its home office in Midland, Texas. The stock of this corporation is wholly owned by Beneficial Finance Company of Delaware, a corporation which also owns all the stock in sixty Texas corporations each of which holds a Regulatory Loan License issued under the provisions of Art. 6165b, Vernon's Ann.Tex.Civ.St., the Texas Regulatory Loan Act of 1963.[1]

On June 5, 1966, Beneficial of Midland filed an application with the appellee. Francis A. Miskell, Regulatory Loan Commissioner, for a license to engage in the loan business under the provisions of Art. 6165b. This application was denied on the sole ground that Beneficial of Delaware "holds either directly or through subsidiaries sixty Texas Regulatory Loan Licenses" previously issued under the provisions of such Article.

1. Acts 58th Leg., Reg.Sess. ch. 205, p. 550. This Act was repealed by Acts 1967, 60th Leg., p. 659, ch. 274, effective Oct. 1, 1967, but was amended, revised and reenacted by said Chapter 274 and is codified as Art. 5069 V.A.T.S.

Sec. 10(c) of Art. 6165b provided in part:

"(c) The commissioner may issue more than one (1) license but not more than sixty (60) licenses to any one (1) person on compliance with this Act as to each license. And it shall be unlawful for any person, after the effective date of this Act, directly or indirectly, or through subsidiaries or holding companies, to hold or have an interest in more than sixty (60) licenses, the business thereof, or any interest in such license."

Appellant's first point is that this portion of Sec. 10(c) is void since it denies it equal protection of the laws as guaranteed by Sec. 1 of the 14th Amendment to the United States Constitution and Art. 1, Sec. 3 of the Constitution of Texas, Vernon's Ann.St., for the reason that it arbitrarily limits the number of loan offices which it and others similarly situated may have an interest in while not so limiting competitors of appellant and others similarly situated.

The competitors of appellant which would be given an advantage over it by not being subject to this sixty office limitation, according to appellant, are banks, savings and loan associations, credit unions, loan brokers, loan companies, finance companies, mercantile stores which sell on credit, and perhaps others.

Appellant's second point, which we will consider along with its first point, is that Section 10(c) of Art. 6165b is unconstitutional because it denies appellant due process of law in violation of Sec. 1 of the 14th Amendment to the United States Constitution and Art. 1, Sec. 19 of the Texas Constitution in that there is no real and substantial relationship between the sixty office limitation prescribed by such Sec. 10(c) and the purposes to be accomplished or the evils to be prevented by the Regulatory Loan Act.

For the purpose of this opinion we disregard the corporate fiction separating the parent, Delaware Corporation, and its subsidiaries, the sixty-one Texas corporations, the stock of which is wholly owned by the parent corporation. We believe Sec. 10(c), in effect, directs that this be done. Furthermore, a court is authorized to take this course when a corporation is organized and operated as a mere tool or business conduit of another corporation and where the corporate fiction is used to circumvent a statute. Bell Oil and Gas Company v. Allied Chemical Corp., 420 S.W.2d 779, Tex. Civ.App. Houston (1st Dist.).

In referring to "appellant" herein we mean Beneficial of Delaware unless otherwise indicated.

We are of the opinion that appellant is in no position to question the constitutionality of the Regulatory Loan Act for the reason that it has received substantial benefits thereunder which it was not entitled to receive but for the provisions of this Act which appellant has voluntarily invoked in its behalf sixty times. These benefits are the privilege of making loans at rates of interest which would be and are usurious and illegal to lenders not licensed under the provisions of the Act. Secs. 5 and 17 of the Act. See Shakour v. State, 400 S.W.2d 916, Tex.Ct. of Cr.App.

The principle which we apply here is stated in Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030, as follows:

"It is an elementary rule of constitutional law that one may not 'retain the benefits of the Act while attacking the constitutionality of one of its important conditions.' United States v. City and County of San Francisco, 310 U.S. 16, 29, 60 S. Ct. 749, 756, 84 L.Ed. 1050, 1059. As formulated by Mr. Justice Brandeis, concurring in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 348, 56 S.Ct. 466, 483, 80 L.Ed. 688, 711. 'The Court will not pass upon the constitutionality of a statute at the instance of one who has availed himself of its benefits.'"

This is the law generally and in Texas. 16 Am.Jur.2d, Constitutional Law, Sec. 135; 16 C.J.S. Constitutional Law § 89 b; 12 Tex. Jur.2d, Constitutional Law Sec. 35; Neel v. Texas Liquor Control Board, 259 S.W.2d 312, Tex.Civ.App., Austin, writ ref. n. r. e.

It is our opinion that appellant, by accepting sixty licenses, through wholly owned subsidiaries, under this Act, has, in effect, agreed to be bound by the sixty license limitation provision. Points one and two are overruled.

Appellant's third point is that Sec. 10 (c) is unconstitutionally vague, under the constitutional provisions above cited, because it does not define the words "any interest."

Notwithstanding our disposition of points one and two, we consider this point for the reason that it calls for a construction of Sec. 10(c).

We will limit our construction of this Section to the facts presented by this record.

Since appellant owns all the stock in the sixty Texas corporations holding licenses under the Act and they are in fact wholly owned subsidiaries of the parent corporation and since, under our holding that the corporate fiction is to be disregarded, Beneficial of Delaware "holds" the licenses in all sixty subsidiary corporations. A person may "hold" only sixty licenses under the Act and since appellant "holds" sixty licenses it is not entitled to a sixty-first license for Beneficial of Midland.

Appellant's fourth and last point is that there is no evidence that it owns any interest in the sixty licenses issued to its subsidiaries. This is on the theory that ownership of stock in a corporation is not ownership of an interest in its assets, in this case a Regulatory Loan License.

Since we have held that appellant holds all sixty licenses issued to its subsidiaries, this point is moot.

We have not discussed or considered any changes made by the revision of the Regu-

latory Loan Act of 1963 by the Legislature in 1967. These changes cannot affect this case.

The judgment of the trial court is affirmed.

Affirmed.