

# The Attorney General of Texas

December 21, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Senate Committee on Jurisprudence
Texas State Senate
State Capitol
Austin, Texas    78711

Opinion No. MW-524

Re:    Regulation    by    cred:
union  commissioner  of  cred:
union  loans

Dear Senator Mauzy:

You have inquired about article 2461-7.02, V.T.C.S., of the Tex;
Credit Union Act, which limits the lending powers of credit unions ;
follows:

> No credit union may make a loan or aggregate of
> loans to any one member in an amount greater than
> 10 percent of the unimpaired capital and surplus
> of the credit union.

You pose the following questions regarding the application (
this article:

> 1.    Is the credit union commissioner allowed to
> pierce the corporate veil in determining whether
> the ten percent limitation on loans to an official
> of a credit union has been reached; and

> 2.    Must the commission consider each loan to a
> corporation, whether controlled by an officer of
> the credit union or not, as a separate and
> distinct transaction subject to the ten percent
> limitation?

Your    questions    concerning    article    2461-7.02    arise    in
circumstance where a credit union officer and a corporation controll(
by that officer receive credit union loans, the total amount of whi(
exceeds ten percent of the unimpaired capital and surplus of tl
credit union. You ask generally whether the credit union commission(
has the power to disregard the controlled corporate entities a(
aggregate the loans in enforcing the ten percent limit of artic:
2461-7.02.

Initially, we note that the article 2461-7.02 limitation applies to loans made to "members" of a credit union. Indeed, a credit union is authorized to make loans only to its members. V.T.C.S. art. 2461-7.01. Consequently, we answer your inquiries more generally as that article applies to loans to any credit union member, not just members who are officers. It should be noted, however, that loans to officers are subjected to special scrutiny under the act. See V.T.C.S. art. 2461-7.05.

The credit union commissioner has specific statutory authority to determine whether a particular practice by a credit union violates the Credit Union Act. V.T.C.S. art. 2461-5.09(a)(1), (2). This power to find violations necessarily implies the power to decide whether a particular practice is, in fact, violating the act, and consequently involves interpretation of the act itself. As with all administrative adjudications, the commissioner's decision as to whether article 2461-7.02 is violated involves interpretation of the scope of that article. Therefore, it falls under the primary jurisdiction of the commissioner to determine whether, under applicable standards of law, an aggregation of loans to a member and a corporation controlled by that member violates article 2461-7.02.

Disregarding the corporate entity is an equitable doctrine invoked to protect matters of public policy. Pacific American Gasoline Company v. Miller, 76 S.W.2d 833, 851 (Tex. Civ. App. - Amarillo 1934, writ ref'd); Roylex, Inc. v. Langson Brothers Construction Company, 585 S.W.2d 768, 771 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.). Among the reasons justifying the application of this doctrine is frustration of a statute's purpose. Particularly with regulatory statutes, whenever the use of a corporation circumvents the statutory purposes, it is proper to disregard the corporate entity in enforcing the statute. Delaney v. Fidelity Lease Ltd., 526 S.W.2d 543, 546 (Tex. 1975); Sapphire Homes, Inc. v. Gilbert, 426 S.W.2d 278, 283 (Tex. Civ. App. - Dallas 1968, writ ref'd n.r.e.); Beneficial Finance Company v. Miskell, 424 S.W.2d 482, 484 (Tex. Civ. App. - Austin 1968, writ ref'd n.r.e.).

Turning to the present inquiry, it would be proper to disregard a corporation's existence if it was determined that use of the corporate entity resulted in circumvention of the purposes of the ten percent loan limit of article 2461-7.02. One of the primary purposes of that article is to insure credit union solvency and viability by prohibiting a concentration of loans in a single entity. Due to the inherent limitations on capital infusion available to credit unions, it is important to minimize lending risks by diversifying loans among borrowers. A high level of concentration of loans in a single responsible entity could have severe financial consequences to a credit union should that entity go into default.

In the case of loans to a controlled corporation, it may be determined that actual or ultimate responsibility for those loans lies with the controlling member. In light of the risk prevention purpose of article 2461-7.02, the corporate entity could be ignored and the loans could be treated as loans of the member in calculating whether the ten percent loan limit has been exceeded.

Many factors are relevant to a decision to aggregate such corporate loans under article 2461-7.02, including the degree of control by the member, the capitalization and current financial position of the corporation, the use of the loan money, the collateral for the loan, and guarantors or co-signers of the loan. In light of these and other relevant factors, if the commissioner determines that the use of the corporate entity would frustrate the statutory purpose he would have authority to aggregate the corporate loans with those of the controlling member in enforcing the ten percent loan limit. See generally Hamilton, The Corporate Entity, 49 Tex. L.Rev. 979, 997-998 (1971).

Therefore, we conclude that when the commissioner determines that the purpose or effect of loans to a member and a corporation controlled by that member violate the policies of the ten percent loan limit of article 2461-7.02, he has authority to disregard the corporate entities and aggregate the loans for purposes of enforcing that article.

## S U M M A R Y

The credit union commissioner has the authority to disregard a corporate entity and aggregate credit union loans to a corporation with loans to the member controlling the corporation, for purposes of determining whether the ten percent loan limit of article 2461-7.02, V.T.C.S., has been violated.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Thomas M. Pollan